**Paul Wright MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57360.

Supreme Court of Missouri, Division No. 2.

July 16, 1973.

B. William Jacob, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant. Paul T. Miller, Exec. Dir., Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

This is an appeal (the notice of appeal having been filed prior to January 1, 1972) from the denial, after evidentiary hearing, of a motion filed pursuant to Rule 27.26, V.A.M.R., to vacate and set aside a judgment of conviction entered pursuant to appellant's plea of guilty to stealing from the person.

Appellant was charged with first degree robbery, and on November 30, 1967, he appeared with employed counsel before the circuit court of Jackson County and entered a plea of guilty. At that time the prosecuting attorney related to the court the circumstances of the offense, and appellant admitted his participation and that the recital of events by the prosecutor was

correct. His counsel stated to the court that he had advised appellant concerning the permissible punishment, and that he had recommended that a plea of guilty be entered. The prosecuting attorney then stated that because of the circumstances, and because the charge against a coparticipant had been reduced to stealing from the person, the state desired to reduce the charge against appellant to stealing from the person. Appellant's counsel requested and was granted leave to withdraw the plea of guilty to the charge of robbery. Appellant was then advised of the permissible punishment for stealing from the person. He stated that he desired to enter a plea of guilty to the reduced charge, and that he was doing so after counseling with his attorney, wife and family. The court commented to appellant that "the facts aren't changed" as it relates to this crime, and appellant acknowledged that he so understood. Appellant further stated that he was voluntarily entering his plea of guilty without promises or threats, and that the only reason he was doing so was because he was guilty of the charge. The court then inquired at length concerning appellant's age, education, employment and previous arrests, and deferred sentencing pending a presentence investigation and report.

On February 5, 1968, appellant appeared before the court for imposition of sentence. In the meantime his attorney had died, and the judge who previously had accepted the plea of guilty also had died. Appellant was represented by an associate of his previous counsel. The court then reviewed with appellant what had occurred when the plea of guilty was entered, and inquired at length concerning appellant's age, education, employment, past record, and the facts which formed the basis of the charge of stealing from the person. The court also read to appellant a statement made by him to an investigation officer concerning his participation in the offense. At the time appellant's wife and mother were in the courtroom and the court questioned each of them concerning appellant's con-

duct. At the conclusion of a rather lengthy discussion, the court asked appellant if he knew any reason why sentence should not be imposed, and he replied that he did not. The court then sentenced appellant to imprisonment for a term of ten years, but placed him on probation.

On June 26, 1969, appellant's probation was revoked because he was convicted, after a plea of guilty, of a criminal charge in Kansas. On October 13, 1970, the pending motion pursuant to Rule 27.26 was filed in which appellant alleged that (a) "the trial court neglected to make sure [he] understood the nature of the charge and the consequences of the plea of guilty," (b) he was "inadequately represented by counsel," and (c) his "counsel did not fully explain the nature of the charge the plea of guilty was entered on, only that probation was assured."

Appellant's first point in his brief is that the trial court erred in receiving his plea of guilty "in that it did not first determine that [his] plea was made voluntarily and with full understanding of the nature and consequences of the charge."

Appellant argues that "at no time, either by the Court or [his counsel] were the elements and nature of the crime, stealing from the person, explained to [him]." He admits that he was fully advised by the court as to the permissible punishment. At the hearing on his motion he testified that he had discussed with his attorney the "sentence he would receive for robbery" but his attorney did not inform him of the permissible range of punishment for stealing from the person. He also testified that his attorney had told him he "wouldn't get but five years for the robbery," and that he was under the impression that he would not "get any more than possibly two or three years." We note that at the time of sentencing, appellant made no mention of this to the attorney then representing him or to the court, but the first mention occurred after his attorney was deceased.

Appellant points to no "element" of the offense of stealing from the person which

he did not understand at the time of the entry of the plea. We have some difficulty in determining how the offense could better be described than by the use of the words, "stealing from the person." This is not a technical term which has a legal meaning unfamiliar to persons not trained in the use of legal language. Rule 25.04 imposes no requirement that a judge mount the bench with a script in hand and follow a precise ritual. Neither is it necessary that "in order to convey an understanding of the 'nature of the charge' to the defendant, [that the court] explain the 'elements' of the offense." Sappington v. United States, 468 F.2d 1378 (8th Cir. 1972). The record made at the entry of the plea and a consideration of the attending circumstances forecloses any speculation that appellant's plea was not voluntarily made with an understanding of the charge. The trial court's finding that it was voluntarily made with the required understanding is clearly not erroneous.

Appellant's remaining point in his brief, that "he was denied the effective assistance of counsel," is patently frivolous. His employed counsel was one of the most experienced in Kansas City in the representation of persons accused of a crime, and he had represented appellant at the preliminary hearing. Appellant points to nothing which indicates even the slightest dereliction of duty.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

HENLEY, P. J., FINCH, J., and CONNETT, Special Judge, concur.

DONNELLY, C. J., and MORGAN, J., not sitting.