Ronnell CLAY, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28007.

Missouri Court of Appeals,
Kansas City District.

Dec. 31, 1975.

Motion for Rehearing and/or Transfer
Denied Jan. 19, 1976.

Thomas M. Larson, Public Defender, Sixteenth Judicial Circuit, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., WASSERSTROM and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Ronnell Clay, following a preliminary hearing, was charged by an information in the Circuit Court of Jackson County, Missouri, with robbery in the first degree to which he pleaded not guilty. Plea bargaining subsequently ensued, initiated by Clay's employed counsel, with Clay's full knowledge and approval, with the end result that the charge of robbery in the first degree was reduced by the state to "stealing from the person". Clay entered a plea of guilty to the reduced charge and, following a presentence investigation, judgment and sentence were entered and pronounced and Clay's punishment was fixed at six years confinement in the Missouri Department of Corrections.

The matter is now lodged in this court by virtue of an appeal taken by Clay from a denial of post-conviction relief sought by him under Rule 27.26. By his Rule 27.26 motion, Clay sought to have his sentence vacated and set aside and to be permitted to plead anew to the reduced charge. The single point relied upon by Clay on appeal is somewhat gauzy. Nevertheless, when read in conjunction with his argument, this court perceives it as being predicated upon the dual propositions that (1) he was not advised of the nature of the reduced charge and therefore did not understand the nature of the charge to which he pleaded guilty and (2) his plea of guilty was equivocal because he had no personal recollection of the facts surrounding the offense reflected by the reduced charge. The focus of this opinion will be limited to the dual propositions mentioned.

Rule 25.04, in positive terms, prohibits a court from accepting a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge", and if a defendant "pleads equivocally . . . the court shall enter a plea of not guilty. . . ." The prophylactic requirements of Rule 25.04 are obviously directed toward assurance that an accused has intelligently and voluntarily relinquished certain basic constitutional rights connoted by a guilty plea.

■ The transcript of the plea proceedings (offered by Clay as a part of the record in the hearing on his Rule 27.26 motion) relative to Clay's present contention that he was not advised of the nature of the reduced charge and therefore did not understand the nature of the charge to which he pleaded guilty, reveals the following:

(1) The assistant prosecuting attorney handling the case for the state, in open court, in the presence of Clay and his employed counsel, stated: "Your Honor, at this time, in Cause No. C–43029, the State wishes and does reduce the charge from robbery in the first degree to stealing from the person."

(2) In response to the following questions asked by the court, Clay gave the following answers under oath:

"Q All right. Do you understand further that by making this plea of guilty to this charge, that you are, in reality, admitting that you did steal from the person of somebody else?

A Yes.

\*     \*     \*     \*     \*     \*

Q All right. I should tell you that the mental report that I received, and this is a report from Dr. Swerenz, I think your report to him was that you had no recollection of committing this crime?

A Correct.

Q I assume that what you're saying, then, is that you've had a chance to

review the evidence that's pending against you and you are satisfied that you committed the crime, even though you don't have any recollection of it?

A   Again, may I answer in a statement?

Q   Surely.

A   I'm saying that I—it's possible, you understand, for me to be conveniently forgetful, but I'm not contending that. I'm not using that as a defense. I'm pleading guilty because I am guilty of said—of this crime.

   *    *    *    *    *    *

Q   Now, you have indicated to me on several occasions that you are pleading guilty because you feel that you are guilty.

A   Correct.

Q   All right. Will you tell me what you know about this, and what it is that you're pleading guilty to, that you recall?

A   I'm pleading guilty to taking some money from a—from one Ted Bittick.

Q   And did that take place on September 6, 1972?

A   Yes. To my knowledge, yes."

The identical contention presently argued by Clay, in a substantially similar procedural and fact context, is mirrored in *Moore v. State*, 496 S.W.2d 810 (Mo.1973). There, as here, the prisoner filed a Rule 27.26 motion seeking to set aside his plea of guilty to a reduced charge of "stealing from the person". Initially, the prisoner had been charged with robbery in the first degree. The trial court denied the prisoner's request for post-conviction relief and on appeal he contended his plea of guilty was involuntary because he did not understand the nature of the reduced charge to which he had pleaded guilty. The court in disposing of this contention adversely to the prisoner held: "We have some difficulty in determining how the offense could better be described than by the use of the words,

'stealing from the person.' This is not a technical term which has a legal meaning unfamiliar to persons not trained in the use of legal language. Rule 25.04 imposes no requirement that a judge mount the bench with a script in hand and follow a precise ritual. Neither is it necessary that 'in order to convey an understanding of the "nature of the charge" to the defendant, [that the court] explain the "elements" of the offense.' *Sappington v. United States*, 468 F.2d 1378 (8th Cir. 1972)." *Moore v. State*, supra, in conjunction with the above revelations disclosed by the transcript of the plea proceedings, leaves no doubt that the first of Clay's dual propositions is not well taken and the same is ruled against him.

■   The transcript of the plea proceedings and the transcript of the hearing on the Rule 27.26 motion in this case both support Clay's contention that he had no personal recollection of the facts and events surrounding the occurrence that precipitated the charge to which he pleaded guilty. Clay attributed his inability to recall any such facts or events, and as well, his whereabouts and activities otherwise on the date in question, to a long history of drug addiction. He then takes a short and convenient step and argues that his plea of guilty was rendered equivocal because he had no personal recollection of having perpetrated the crime. The issue to be resolved can be more lucidly stated by posing it in the form of a question. Must a plea of guilty, if otherwise intelligently and voluntarily entered, be deemed equivocal, and in legal contemplation stripped of all attributes of having been intelligently and voluntarily entered, when an accused claims to have no personal recollection of having committed the crime to which his plea of guilty was responsive? This question is answered in the negative by *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970): "[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to

the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." In a legal sense Clay's plea of guilty was not as chameleonic as he contends. Missouri recognizes that an *Alford* type plea does not render a plea of guilty equivocal. *Robinson v. State*, 482 S.W.2d 492, 494–495 (Mo.1972) and *Bradley v. State*, 494 S.W.2d 45, 48 (Mo.1973). The transcript before this court is replete with evidence that Clay, prior to entering his plea of guilty, was advised by counsel as to the nature and extent of the state's case—among other things, the existence of two eye witnesses (one being the victim) who positively identified Clay as the perpetrator of an armed robbery on the victim whereby a sum of money totalling $11.00 was obtained. It is implicit throughout the transcripts that Clay was acutely aware that the state's case did not suffer from a paucity of proof, and that he had much to gain if the charge of robbery in the first degree could be reduced to stealing from the person, and, once a reduction was effected, by pleading guilty to the reduced charge. Clay was not oblivious to the more favorable range of punishment attached to the reduced charge,[1] as opposed to the possibility of a sentence of not less than five years[2] if convicted of the offense for which he originally stood charged. On the basis of the record and the authorities heretofore cited the latter of Clay's dual propositions is ruled against him.

Full consideration of the arguments presented on appeal, coupled with a careful review of the record in its entirety, however unfortunate from Clay's point of view, fail to reveal any legal path upon which Clay can walk out from under his plea of guilty. The record supports Clay's plea of guilty as having been voluntarily made with an understanding of the reduced charge, and the judgment of the trial court is accordingly affirmed.

All concur.

---

1. Sec. 560.161, RSMo 1969,—not more than ten years nor less than two years, or by confinement in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both such fine and confinement.

