**Milton WASHINGTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 30591.**

Missouri Court of Appeals,
Western District.

March 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1980.

Robert Beaird, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

Movant Milton Washington appeals following denial without evidentiary hearing of his Rule 27.26 motion for post-conviction relief. His contentions are: (1) The order overruling his motion erroneously failed to make findings of fact and conclusions of law, (2) his guilty plea hearing was flawed because the court did not instruct him on the elements of murder in the second degree, and (3) he was entitled to an evidentiary hearing on his motion allegation of a misunderstanding as to the length of sentence to be imposed.

Washington was originally charged with murder in the first degree and he stood trial for the offense commencing November 17, 1975. On the second day of trial, after the state's evidence had been concluded, Washington informed the court that he wanted to withdraw his plea of not guilty and plead guilty pursuant to a plea bargain agreement. As announced on the record, the plea bargain entailed a reduction of the charge to second degree murder and a recommendation by the state of a fifteen-year sentence. After interrogation of Wash-

ington by counsel and by the court, the plea was accepted and sentence of fifteen years was imposed.

■ Movant's first complaint that the court did not enter findings of fact and conclusions of law is meritless for two reasons. At the time the trial court entered its order in this case, October 26, 1978, *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) had not yet been decided. The controlling authority then was *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974). Under *Smith*, an order summarily denying a motion was equivalent to findings of fact and conclusions of law contrary to the grounds set out in the motion. *Westmoreland v. State*, 594 S.W.2d 596, handed down February 11, 1980, by Supreme Court of Missouri en banc. The court here was under no duty to announce findings of fact and conclusions of law.

Although not required to do so, the court here did enter a memorandum opinion referring to the transcript of the guilty plea hearing and noting the contents which refuted the allegations by Washington in his motion. The court also cited case authority for disposition of the motion by a summary denial without an evidentiary hearing. The trial court's action accorded Washington procedures in excess of those required by the authority then applicable.

■ Movant's second point is obscure, but as we perceive his contention, he argues that if he had known that second degree murder includes the element of intent, a factor not disclosed to him by the trial judge, he would have been unable to plead guilty because he possessed no intent by reason of the state of his intoxication when the offense was committed.

Again, Washington's claim for relief fails on two accounts. His decision to plead guilty came, as above noted, on the second day of trial after the state had completed its evidence. Washington made the decision to accept the plea bargain only after consultation with his attorney and with a family member and with full knowledge of the state's case against him. Although he professed inability to recall the events of the murder, Washington stated in response to inquiry on the record that in his opinion the jury was relatively certain to return a verdict of guilty and would impose a sentence of more than fifteen years.

Since *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), a guilty plea under such circumstances has been constitutionally sound despite unwillingness or inability of the defendant to acknowledge participation in the crime. The plea is insulated in Missouri from collateral attack on the ground here asserted. *Robinson v. State*, 482 S.W.2d 492 (Mo. 1972); *Bradley v. State*, 494 S.W.2d 45 (Mo. 1973).

■ Washington's complaint that he was deprived of the opportunity to disclaim the intent necessary to support a plea of guilty to the offense is unavailing on another ground. By Washington's own allegations, his lack of knowledge as to what occurred and, hence, his lack of intent were the consequence of intoxication. Voluntary intoxication, however, is not a factor to be considered on the issue of specific intent. *State v. Richardson*, 495 S.W.2d 435 (Mo. banc 1973); *State v. Hegwood*, 558 S.W.2d 378 (Mo.App.1977). The court is under no duty to explain each element of the crime, an expression of awareness by the defendant of the nature and elements of the charge being sufficient. *Jones v. State*, 581 S.W.2d 386 (Mo.App.1979).

Finally, Washington asserts that an evidentiary hearing was required on a factual issue raised by his motion concerning agreement on terms of the plea bargain. He relies on what his motion characterizes as a "subjective belief" that his sentence would be ten years instead of the fifteen years imposed. This he bases on a mistaken impression derived from what he was told by his attorney regarding agreement on length of sentence.

If the content of Washington's motion is liberally construed in his favor, the most

that can be inferred is that Washington embarked upon the guilty plea proceedings under a firm impression from conversations with his attorney that his sentence would be ten years. The record thereafter made shows that Washington was fully advised as to the range of punishment for the offense of second degree murder, the intention of the state as a part of the plea bargain to recommend a sentence of fifteen years and the opportunities for a greater or lesser sentence were the case to be submitted to the jury. While Washington expressed his hope for a sentence of less than fifteen years, he acknowledged that no promises had been given him as to the sentence the court would actually assess if the guilty plea were accepted.

The test to be applied when a claim of an involuntary plea is based on disappointment of a subjective belief regarding length of sentence is set out in *McMahon v. State*, 569 S.W.2d 753 (Mo. banc 1978). The claim is to be examined in the light of whether or not entertainment of such a belief was reasonable under all the circumstances. Here, regardless of what Washington may have been told by his attorney before the hearing commenced, he was informed that the recommended penalty would be fifteen years and he himself expressed preference for the certainty of that term as contrasted with the uncertainty of a sentence returned by the jury. While Washington did express his hope for leniency, there was no reasonable basis for him to believe that such hope would materialize in reality nor could he have believed that he was assured of any lesser term than the recommended sentence of fifteen years.

From an examination of the record made when the guilty plea was received, the trial court could readily ascertain what Washington's subjective belief regarding a plea bargain agreement for a sentence of ten years was unreasonable. The court was therefore not obligated to conduct an evidentiary hearing and was entitled to rule the motion summarily.

The judgment is affirmed.

All concur.