Richard Dale **RICHTER**, Plaintiff,

v.

**STATE of Missouri, Respondent.**

No. KCD 30512.

Missouri Court of Appeals,
Western District.

April 7, 1980.

C. John Lozano, Jr., Kansas City, for plaintiff.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

This is a Rule 27.26 proceeding filed by the prisoner Richard Dale Richter, seeking relief from an armed robbery conviction in the Circuit Court of Cass County. He entered a plea of guilty on January 22, 1974. On February 25, 1974, he was sentenced to a term of ten years in the Missouri Department of Corrections, but was placed on five years' probation. The probation was revoked on September 16, 1976, after defendant had been convicted of armed robbery in Jackson County.

The trial court did not appoint an attorney for the prisoner, but on September 26, 1978, denied the motion without an evidentiary hearing.

The trial court concluded that the files and records of the case conclusively showed that the prisoner was entitled to no relief. Supreme Court Rule 27.26(e). We agree, and affirm the trial court's order dismissing the motion.

Appellant contends, however, that his motion presented "questions of law or issues of fact" which required the court to appoint counsel for the movant. Rule 27.-26(h). (*Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), which would require the appointment of counsel for the indigent prisoner in such a case as this, was decided after the trial court's judgment in this case, and was prospective only in its application.) Appellant's brief does not point to any issue of fact or any issue of law which was raised by the motion, which before *Fields v. State* was a precondition to the requirement that counsel be appointed. An "issue" either of fact or law is a debatable proposition. To present an "issue", the prisoner's motion must advance at least a colorable claim for relief which is not conclusively settled by reference to the files and records in the case. Defendant's motion presented no such issue of fact or law, as we shall see. The court did not err in not appointing counsel for the prisoner.

Abandoning two meritless complaints about the information, the prisoner's brief carries forward only one point with reference to the guilty plea proceeding. To bring this point into focus, we will quote from appellant's brief: "Appellant was charged with robbery in the first degree under § 560.120 RSMo. As defined by that statute, to be guilty of the offense one must be possessed of the felonious intent to rob; that is, to take away a person's property against his will. Appellant, in his motion to vacate, specifically stated that he was not aware that the crime of which he stood accused and to which he pleaded guilty included such an intent as one of the necessary elements; nor was he advised of the various degrees of robbery. Appellant knew only that he was charged with 'strong-arm robbery'. Appellant asserts that these facts, if proven, would entitle him to vacation of his sentence." Appellant claims that he was therefore entitled to an evidentiary hearing and the court erred in his dismissal of the motion.

A transcript of the arraignment and guilty plea hearing shows that the information was read to the defendant at the time of his arraignment. The information charged that he "willfully, unlawfully and feloniously" committed the physical acts of the offense "with the felonious intent to permanently deprive the owner of the use thereof and to convert the same to his own use". In response to the court's questioning in the later guilty plea proceeding, the defendant explained that he had gone into a liquor store; he got two fifths of vodka off the shelf; struck the proprietor on the head with one bottle; got in his brother's car and left taking the other. Defendant when asked what he was charged with replied, "Strong-armed robbery".

The files and records of the case conclusively show, as the trial court found, that the defendant understood "the nature of the charge". Rule 25.04. It is not required that the defendant have a thorough legal education and be instructed in all the refinements of the offense in order to enter a guilty plea that will stick. There is nothing in the record to suggest that he did not understand the nature of the charge. *Moore v. State*, 496 S.W.2d 810 (Mo.1973); *Clay v. State*, 532 S.W.2d 216 (Mo.App. 1975). *Washington v. State*, 597 S.W.2d 233, 235 (1980). The transcript of the arraignment and of the guilty plea proceeding show rather that the defendant was sufficiently informed about the charge against him to make his guilty plea intelligent and informed.

Defendant cites *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), in support of his argument that the defendant's conviction should be vacated because he was not advised of the intent required to be shown for a first-degree robbery. *Henderson v. Morgan* does not aid defendant. In that case a second-degree murder guilty plea was set aside where the youthful defendant was a mental defective

and a description of the crime raised serious doubts that he intended to cause the death of the deceased. There was a suggestion of temporary insanity. The charge was never read to the defendant. He was not informed that he must have killed the deceased with a design to effect her death, nor did he admit to such intent. The salient factors which led to the court's decision in *Henderson* are absent from the present case.

The judgment is affirmed.

All concur.