**William Kendall HAYNES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38553.**

Missouri Court of Appeals, St. Louis District, Division One.

April 18, 1978.

---

Love, Lacks, McMahon & Schwarz, Jim Ashwell, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

Defendant pleaded guilty to two counts of selling a Schedule I controlled substance. The trial court accepted his plea and imposed sentence of two concurrent ten-year prison terms. Defendant subsequently filed a Rule 27.26 motion to vacate the judgment. The trial court denied the motion without an evidentiary hearing and defendant has appealed.

The indictment charged defendant with separate sales of marijuana on April 3, 1976 and May 13, 1976. At trial, defendant's attorney announced defendant wished to change his plea to guilty. During the trial court's examination of defendant as to the voluntariness of his plea, defendant denied any recollection of the offenses with which he was charged but the trial court accepted the guilty plea and imposed sentence.

Defendant's motion to vacate the judgment alleged the indictment was defective and his counsel ineffective. The trial court denied the motion without a hearing.

Defendant first alleges the trial court erred in ruling the indictment was not defective. He contends it was invalid because it failed to charge him with sale of marijuana to *a person*. The point is frivolous. The existence of a buyer is inherent in the word "sale." The indictment here states the essential elements of the offense: a sale and a controlled substance.

Defendant's second point is an abstract statement but we will treat it as a claim of plain error.

Defendant alleges his trial counsel was ineffective in permitting him to enter an equivocal plea and in failing to investigate and prepare for trial. However, when a guilty plea has been entered, adequacy of

counsel is irrelevant except as it relates to the voluntariness of the plea. *Hess v. State*, 531 S.W.2d 774[4] (Mo.App.1975). Accordingly, we will treat defendant's point as alleging error in concluding defendant's plea was not rendered involuntary on the basis of ineffective assistance of counsel. Defendant contends his plea was equivocal and therefore involuntary because he had no recollection of the alleged sales. He contends his counsel was ineffective in allowing him to enter such a plea.

■ The plea hearing record reflects the following: Defendant wished to plead guilty although he was unable to remember either alleged sale. He admitted he made some sales during April and May but did not remember the buyers. He also admitted his memory was adversely affected by his own use of drugs. The trial judge examined defendant in full compliance with Supreme Court Rule 25.04 as to the voluntariness of his plea.

■ The trial court may not accept an equivocal plea. Supreme Court Rule 25.04, VAMS; *State v. Bonds*, 521 S.W.2d 18[4] (Mo.App.1975). Defendant's plea, however, was not equivocal. See *Bradley v. State*, 494 S.W.2d 45[3, 4] (Mo.1973), where the court said: "If as it has been determined Bradley pleaded guilty voluntarily, knowingly and with understanding, his actual guilt, or an express admission of guilt, is not a constitutional prerequisite to the imposition of a criminal penalty." See also *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and *Clay v. State*, 532 S.W.2d 216[2] (Mo.App.1975). A plea of guilty, otherwise voluntary and intelligently entered, is not equivocal merely because the accused claims to have no personal recollection of the crime to which he pleaded guilty. See *Bounds v. State*, 556 S.W.2d 497 (Mo.App.1977) where defendant entered a plea of guilty while protesting his innocence. Here, defendant's inability to remember the alleged sales did not render his plea equivocal.

Furthermore, the record shows defendant's guilty plea was voluntary. The trial judge examined him thoroughly pursuant to Supreme Court Rule 25.04, VAMS. At the end of the colloquy defendant told the court he was satisfied with his counsel's advice and was pleading guilty of his own free will. We find no plain error.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.