STATE of Missouri,
Plaintiff-Respondent,

v.

Kim DYER, Defendant-Appellant.

No. 11087.

Missouri Court of Appeals,
Southern District,
En Banc.

June 7, 1979.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

C. R. Rhoades, Neosho, for defendant-appellant.

BILLINGS, Judge.

Defendant Kim Dyer was jury tried and convicted of the sale of a controlled substance, marijuana, and sentenced to a five year prison term. His sole point in this appeal is that the information was fatally defective because it did not identify the buyer of the marijuana. We affirm.

---

1. The court instructed on the lesser and included offense of stealing property valued at less than $50.

The information charged defendant did on October 21, 1977, "unlawfully and willfully and feloniously sell a controlled substance, to-wit: Marijuana, . . ." Trial evidence was that defendant sold an undercover officer, Richard Lee Bartley, Jr., alias "Lee Rupert" and "Professor", a bag of marijuana for $10 on October 21, 1977. The jury rejected defendant's alibi defense.

The sufficiency of an information in a narcotics case under § 195.020, V.A.M.S., was discussed in *State v. Taylor,* 375 S.W.2d 58 (Mo.1964). At page 63 the court said:

"Section 195.020, V.A.M.S. makes it unlawful for any person to sell any narcotic drug except as authorized by law. The gist of the offense is the sale of narcotics by an unauthorized person. It is an offense under § 195.020, V.A.M.S., to sell narcotics to *any* person. . . . While desirable it is not necessary to allege the name of the purchaser in a narcotics case brought under § 195.020, V.A.M.S. because the identity of the person to whom the sale is made does not constitute an essential element of the offense condemned by the statute."

In the more recent case of *Haynes v. State,* 565 S.W.2d 191 (Mo.App.1978), defendant challenged the sufficiency of the indictment because it failed to charge him with the sale of marijuana to *a person.* The court held defendant's complaint was frivolous, noting that the existence of a buyer is inherent in the word "sale" and the indictment stated the essential elements of the offense: a sale and a controlled substance.

The information here alleged a sale of a controlled substance and the omission of the name of the purchaser does not render it insufficient.

The judgment is affirmed.

All concur.