Tony D. PARKER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31295.

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The appeal comes from the denial of a Rule 27.26 motion to set aside sentences on pleas of guilty to two counts of sale of a controlled substance. The motion contends that the pleas were not voluntary and, otherwise, that the sentences constituted multiple punishments for the same offense in violation of the Double Jeopardy Clause of the United States Constitution.

The pleas of guilty were entered to accomplish a bargain for the disposition of seven counts of heroin sale under three separate indictments for a composite term of fifteen years imprisonment. The punishment imposed was according to bargain. The movant does not seek to disrupt the bargain but contends, rather, that two of the counts of an indictment charged the same sale and so the sentences imposed–although made concurrent with other sentences–were multiple punishments for the same offense.

The movant was charged in Case No. CR 78–0114 with three counts of sale of heroin on April 25, 1977. The sentence was a five year term on each count to be served consecutively. The indictment in Case No. CR 78–0115 charged the movant with two counts of sale of heroin on May 24, 1977. The sentence was a five year term on each count. *Count I was made to run concurrently with the sentences imposed in Case No. CR 78–0114 and Count II was made to run concurrently with the sentences imposed on Count I and in Case No. CR 78–0114.* The indictment in Case No. CR 78–0492 charged the movant with two counts of sale of heroin on January 20 and January 24, 1978. The sentence was a five year term on each count. Count I was made to run concurrently with the sentences imposed in Case No. CR 78–0114 and Case No. CR 78–0115. Count II was made to run concurrently with the sentences imposed on Count I and in Case No. CR 78–0114 and in Case No. CR 78–0115. The movant seeks to be relieved from the judgment imposed on Count II of Case No. CR 78–0115 on the contention that the indictment duplicated one sale into two offenses and thus exposed him to unlawful prosecutions and punishments.

The point on appeal contends that the pleas to Count I and Count II of Case No. CR 78–0115 were without understanding of the charges because the conduct confessed by the defendant was in legal effect one offense and not two, so that the sentence imposed on Count II was merely a duplicate punishment for the sentence already imposed on Count I, a procedure rendered unlawful by the Double Jeopardy Clause of the United States Constitution.

The formal indictment CR 78–0115 charged by Count I that

... on the 24th day of May, 1977, one TONY D. PARKER ... did then and there unlawfully, wilfully and feloniously, either acting alone or knowingly in concert with another sell one Doug Clark a quantity of Heroin, a schedule I controlled substance ....

The formal indictment CR 78–0115 charged by Count II that

... on the 24th day of May, 1977, one TONY D. PARKER ... did then and there unlawfully, wilfully and feloniously, either acting alone or knowingly in concert with another, sell one Steve Kramer a quantity of Heroin, a schedule I controlled substance ....

The plea of guilty proceedings on the seven counts of the three indictments were conducted consecutively. The defendant made confession to three counts of heroin sale under CR 78–0114, and the inquiry then moved in numerical order to CR 78–0115:

The Court: Now, you can ask him whichever case you choose that's left. How about 0115? That's the next one numerically.

Mr. Alena: [Counsel for Defendant] Do you want to go through the complete list, Judge?

The Court: I said, for the purpose of determining whether we accept the plea, they were consolidated, so it's not

necessary you re–cover the question of rights and what the plea bargain is, but simply to ask him what happened and where it happened, to confirm–in the particular instances–

Mr. Alena: [Examination of the witness]

Q. Now, Tony, you are also charged in CR 78–0115 with the sale of heroin. In Count II–Count I is on the 24th day of May 1977, you sold to Doug Clark a quantity of heroin for a sum of money. This occurred in Kansas City, Jackson County, Missouri. Will you explain to the Court what happened on that date?

A. Mr. Clark got in touch with me and wanted to buy some heroin, so I went down and got it and brought it back to John Mulligan's house and gave it to him.

Q. You gave it to Mr. Clark, and he gave you a sum of money?

A. Yeah. He gave me the money first.

Q. That was in Jackson County, Missouri?

A. Yes.

Q. In Count II, also on the 24th day of May, 1977, you transferred a quantity of heroin to one Steven Kramer. *Was that the same transaction?*

A. Yes.

Q. And did you sell Mr. Kramer a sum of heroin for a sum of money?

A. *When they came to buy it, they bought it together. One person bought it, and I would give it to one of the persons.*

Q. *You gave it to one officer?*

A. *Yes.*

Q. That was in Jackson County, Missouri?

A. Yes.

Mr. Turner: [Prosecutor] I have no questions.

The Court: You have covered both points?

Mr. Alena: *Both counts, yes,* sir. [emphases added]

 The movant makes the essential complaint that the pleas to indictment CR 78–0115 were not informed because: he was not made aware of the nature of the charge[s] and also that the court acted on the plea to Count II notwithstanding the absence of a basis in fact for that conviction. The plea procedures to the seven counts of the three indictments were conducted under [then] Rule 25.04. The advisement of that rule was that the court not accept a plea of guilty without determination that "the plea [was] made voluntarily with understanding of the nature of the charge." The rule prescribed no invariable procedure, but rendered a plea valid when accession to the offense was "in fact intelligently and voluntarily made." *McMahon v. State*, 569 S.W.2d 753, 758[1–4] (Mo. banc 1978). The lack of express formulation by rule notwithstanding, the demands of due process require that a factual basis appear from the waiver of rights which culminates in conviction by a plea of guilty.[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Jackson*, 514 S.W.2d 638, 641[5–7] (Mo.App.1974); *Flood v. State*, 476 S.W.2d 529, 534[3–7] (Mo.1972). A plea of guilty made voluntarily and with understanding of the charge constitutes a conclusive admission of guilt [*Skelton v. State*, 578 S.W.2d 323, 325[2, 3] (Mo.App. 1979)]–despite that he withholds actual confession to the acts charged as an offense. *North Carolina v. Alford*, 400 U.S. 25, 31[3, 4], 91 S.Ct. 160, 164–65[3, 4], 27 L.Ed.2d 162 (1970); *Bounds v. State*, 556 S.W.2d 497, 498 (Mo.App.1977).

The prosecution contends that on the principle of *Alford*, supra, "[i]t is possible for a defendant to deny that he committed the crime but still to enter a plea of guilty." That does not make a relevant response to

1. This principle applied to Rule 25.04 by judicial decision has become an express formulation of Rule 24.02 which superseded Rule 25.04 on January 1, 1980:

(e) Determining Accuracy of Plea. The court shall not enter a judgment upon a plea of guilty *unless it determines that there is a factual basis for the plea.* [emphasis added] Paragraph (e) of Rule 24.02 adopts the substantive equivalent of Federal Rule of Criminal Procedure 11(f)–itself merely a restatement of existing law and practice.

the postconviction motion: the movant does not attempt to avoid admission of guilt, but only that the conduct to which he confessed at the plea procedure constituted one offense only so that that the convictions on two counts were without factual basis. The rescript of the plea inquiry leaves doubt whether Parker received money from both Clark and Kramer. The postconviction proceeding does not resolve that inconclusive aspect of the proof.[2] We assume, for decision, that the money consideration for the sale of the heroin was paid to Parker by *both* Clark and Kramer. We conclude, nevertheless, as a matter of law, that the conduct of the movant on May 24, 1977, factually constituted *one* transaction–and hence *one* offense, so that the imposition of *two* punishments for the single crime violated the Double Jeopardy Clause of the United States Constitution.

The movant was indicted and convicted for the sale of a *controlled* substance under § 195.020, RSMo Supp.1975. A *sale* by the definition of § 195.010(30) of the Narcotic Drug Act includes

barter, exchange, or gift, or offer therefor, and *each such transaction made by any person* . . .

What constitutes a *transaction* by the self–evidence definition of the Act, therefore, depends upon what constitutes a *sale*. The essential offense under § 195.020 is the sale of narcotics by an unauthorized person: in gist, the elements of offense are simply a sale and a controlled substance. *State v. Taylor*, 375 S.W.2d 58, 62[7–10] (Mo.1964); *Haynes v. State*, 565 S.W.2d 191, 192[1] (Mo.App.1978). The identity of the buyer is irrelevant to the offense. *State v. Lemon,*

504 S.W.2d 676, 681[2] (Mo.App.1973). The existence of purchaser[s] inheres in the term *sale*; therefore, whether the buyer[s] be singular or plural does not affect the incidence of the offense. *Haynes v. State*, supra, 565 S.W.2d l.c. 192[1]; *State v. Dyer*, 582 S.W.2d 736, 737 (Mo.App.1979).

The cases cited by the prosecution, and those others which find multiple offenses from the sale or distribution of controlled substances to multiple recipients, *all* involve separate quantities of substances at separate times. That is, all involve separate *transactions*. In *State v. Woodfin*, 559 S.W.2d 273 (Mo.App.1977), the court upheld multiple offenses to two covert police buyers, but each offense was of a *separate* quantity of marihuana to the *separate* officers on *separate*–albeit almost simultaneously consecutive–occasions. In *State v. Gordon*, 536 S.W.2d 811 (Mo.App.1976), multiple offenses for distribution of drugs were found from the possession by multiple distributees of both separate quantities of pills to each recipient on separate occasions.[3] So, also, in *United States v. Noel*, 490 F.2d 89 (6th Cir. 1974), convictions for the sale of two *separate* quantities of heroin on *separate* occasions on the same day to two different persons were permitted. See, also *United States v, Schrenzel*, 462 F.2d 765 (8th Cir. 1972).

These decisions rest on the rationale that one *sale transaction* constitutes one offense and tolerates one punishment. An act or course of conduct may amount to more than one offense. In such event, there may be lawful prosecution for each offense. *State v. Richardson*, 460 S.W.2d 537, 539[1] (Mo. banc 1970). The test to determine

2. Counsel for the defendant on the plea proceedings testified on the postconviction trial that the defendant Parker disclosed to him that he had received money from both Clark and Kramer. The movant testified, on the other hand, that he could not remember whether the money came from both or only one. We do not pass on the propriety of disclosures by employed counsel of private communications from the client in the course of the professional relationship to dispute the later contentions of the erstwhile client which do not impugn the professional conduct of the former attorney so as

to waive the privilege of the communication [*Lansdown v. State*, 472 S.W.2d 342, 346[3] (Mo.1971); *Jackson v. State* 540 S.W.2d 607, 610[10] (Mo.App.1976)] nor which are matters of ordinary observation, and so open to lay testimony [*Underwood v. State*, 553 S.W.2d 869, 871[2, 3] (Mo.App.1977)].

3. In *Gordon*, also, the defendant was convicted on two separate counts for the distribution *to the same person* of two controlled substances– one a Schedule II and the other a Schedule III drug albeit in the same packet.

whether there are two offenses or only one is "whether each count requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980). The elements of an unlawful sale under § 195.020 are: the sale and the controlled substance. In other words, the transfer of a quantity of a controlled substance for a consideration. *State v. Tierney*, 584 S.W.2d 618, 623[9–12] (Mo.App. 1979). The prosecution acknowledges that the factual basis for the convictions on *both* Count I and Count II of indictment CR 78–0115 was *one* transfer of *one* quantity of heroin on *one* occasion to *two* purchasers. The conduct described one offense by the rationale of *Blockburger* and *Sours,* supra, because each count required the identical proof: the sale of the one packet of heroin, a controlled substance, on that one occasion on May 24, 1977. The prosecutions under Count I and Count II were for the same offense in fact and in law. The Double Jeopardy Clause of the United States Constitution protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 718[1], 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *State v. Parsons*, 513 S.W.2d 430, 438[5, 6] (Mo.1974).

The punishment assessed on the conviction on Count II of indictment CR 78–0115 duplicates the conviction and punishment on Count I for the same offense and thus is vacated. The remainder convictions and punishments on Count I of indictment CR 78–0115, and on Counts I, II and III of indictment CR 78–0114, and on Counts I and II of indictment CR 78–0492 remain in effect as adjudicated. Our opinion, which vacates one five year sentence made concurrent with other sentences validly imposed, does not affect the plea bargain nor the composite fifteen year term of imprisonment for which the bargain agrees.

All concur.