Robert Louis HOWARD,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 32167.

Missouri Court of Appeals,
Western District.

July 7, 1981.

**644**

Jay T. Grodsky, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Judge.

Movant seeks to vacate his conviction and sentence pursuant to Rule 27.26. Relief was denied. The judgment is affirmed.

Movant alleges the trial court erred because (1) it found that his guilty plea was knowingly and voluntarily entered; (2) he did not admit his guilt of the offense charged and (3) he was misled by defense counsel.

Movant was charged, by indictment, with two counts of sale of a controlled substance (heroin) to a police officer on June 24, 1975. On June 2, 1976 and with counsel, movant entered his plea to one count. The prosecution agreed to and did dismiss the second count. The prosecution, subject to prior agreement, also made no recommendation as to the length of sentence or possible probation. On September 1, 1976, after a presentence investigation, the trial court sentenced movant to ten years.

On March 12, 1979, movant filed his Rule 27.26 motion. The motion was amended by appointed counsel. An evidentiary hearing was held on January 24, 1980. The trial court entered findings of fact and conclusions of law. This appeal followed.

Review is to determine if the findings, conclusions and judgment were clearly erroneous. *Morris v. State*, 611 S.W.2d 39 (Mo.App.1980) and Rule 27.26(j). Credibility of witnesses is deferred to the trial court, *Tyler v. State*, 588 S.W.2d 3 (Mo.App.1979) and findings, conclusions and the judgment will not be held clearly erroneous unless the reviewing court is firmly convinced that a mistake has been made, *Bryant v. State*, 608 S.W.2d 101 (Mo.App.1980).

Movant's first point challenges the voluntariness of his guilty plea. The test to be applied is that prescribed by the then applicable rule, Rule 25.04.[1] Such test determines whether the facts disclose a knowing and voluntary plea and not whether some invariable procedure was followed. *McMahon v. State*, 569 S.W.2d 753 (Mo. banc 1978) and *Branstuder v. State*, 609 S.W.2d 460 (Mo.App.1980).

Movant argues that he lacked understanding of the nature of the charge against him. The record dispels his conten-

---

1. Now Rule 24.02, effective January 1, 1980.

tion for it reveals that (a) movant understood he was charged with the sale of heroin; (b) he intended, throughout the proceedings, to plead to one count and understood that the prosecution agreed to dismiss the second count; (c) he discussed his case with his counsel at least four or five times and (d) in open court he accepted and confirmed his counsel's statement as to the nature and extent of the evidence against him. On the record, movant accepted and acknowledged sufficient facts. No requirement exists that each technical element of the offense be explained, provided (as was done herein) that sufficient facts are disclosed to constitute the offense. Movant may not now complain that he lacked understanding of the charge, *Lawrence v. State*, 607 S.W.2d 198 (Mo.App.1980).

The record also discloses that movant was advised and understood the range of punishment which the court could impose. No representation concerning the length of the sentence or possible probation was made. Movant and his counsel discussed a plea for a fixed number of years versus a plea absent reference to any fixed term of years. This discussion centered on a greater possibility of probation upon a plea, not to a fixed number of years. Movant demanded that his defense counsel pursue the course which would enhance the probability of probation. His argument on this appeal is that he was led to believe that he would receive a five-year sentence. This argument lacks merit in view of movant's continued demand upon counsel to seek probation.

■ It is quite clear that movant was fully aware of the charges against him and of the range of punishment. It is equally clear that movant was under no physical or mental impairment. He understood each constitutional guarantee as meticulously recited by defense counsel. Movant understood that in entering his plea, he waived each of those rights. He made no complaints regarding the quality of defense representation, and it should be noted that nothing in this record supports even the most imaginative accusation of ineffective assistance of counsel.

Clearly, movant's plea was knowingly and voluntarily entered within the meaning of Rule 25.04. *Thomas v. State*, 605 S.W.2d 792 (Mo. banc 1980). Movant's point one is found to be without merit and is ruled against him.

■ In his second point of error, movant contends that he did not admit guilt to the offense charged. He argues that his plea was equivocal, which precluded the trial court from accepting it. A trial court cannot accept an equivocal plea. See *Doepke v. State*, 465 S.W.2d 507 (Mo.1971); *State v. Bonds*, 521 S.W.2d 18 (Mo.App.1975); and Rule 25.04 (former rule). Movant argues that he did not confess guilt to the specific sale of heroin. He suggests that his inability to recall details of the specific sale rendered his plea equivocal. At the plea proceedings, defense counsel recited in detail what was believed to be the state's evidence. By this time, discovery had been conducted. At the plea proceedings, defense counsel concluded that movant was guilty because of the evidence against movant. The trial court asked movant if he accepted his counsel's statement and movant responded affirmatively. Further inquiry by the trial court revealed that movant asserted no claim of innocence.

It is now movant's contention that he did not affirm the recited facts as true, but merely that the state would produce certain evidence.

■ Movant's inability to recall the specific details relating to the specific sales of heroin does not render his plea equivocal. It has been held that if the plea is knowingly and voluntarily entered, (as was done herein) an expressed admission of guilt is not a requisite to the imposition of sentence. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Bradley v. State*, 494 S.W.2d 45 (Mo.1973); *Parker v. State*, 608 S.W.2d 543 (Mo.App. 1980); and *Bounds v. State*, 556 S.W.2d 497 (Mo.App.1977). If the plea represents a voluntary choice of alternatives, it is irrelevant that the accused cannot recall the events of the crime or even if there be a

persistent claim of innocence. *Meeks v. State*, 484 S.W.2d 167 (Mo.1972); *Haynes v. State*, 565 S.W.2d 191 (Mo.App.1978); *Clay v. State*, 532 S.W.2d 216 (Mo.App.1975); and *Hayes v. State*, 501 S.W.2d 508 (Mo. App.1973).

In *Haynes*, the defendant was charged with two sales of marijuana and denied any recollection of the offenses. His plea was accepted and sentence imposed. On review, it was argued that defendant's lack of memory rendered the plea equivocal. In disposing of such contention, the court, in citing *Alford, supra*, declared at 565 S.W.2d 193:

"A plea of guilty, otherwise voluntary and intelligently entered, is not equivocal merely because the accused claims to have no personal recollection of the crime to which he pleaded guilty . . . defendant's inability to remember the alleged sales did not render his plea equivocal."

Movant seeks to distinguish *Haynes* on the basis that the defendant in *Haynes* admitted to the sales of marijuana during the time of the alleged sales. Movant contends that he did not state when he had sold heroin. The facts upon the record do not support movant's contention. The question of necessity or the absence of the admission of guilt aside, movant admitted to the sale of heroin during the time alleged and at the same local tavern alleged in the indictment. In addition to his admission, movant was not unduly concerned over his lack of memory of the specific sale. The record shows:

"Q. Now, irrespective of the exact details of what occurred in June, there is no question but what you are guilty of the offense of selling heroin?

A. Yes, sir.

Q. You don't claim to be innocent?

A. No, sir."

The record reveals that movant knowingly and voluntarily entered his guilty plea and that this case comes within the rule of *Haynes, supra.* Movant's point (2) is found to be without merit and is ruled against him.

In his final point, movant claims. that he was misled by his counsel concerning the sentence he would receive. He now argues that he entered his plea on the assumption of a plea bargain for five years.

At the evidentiary hearing, defense counsel testified that he never advised movant of any agreement by the prosecutor for a five-year sentence. Counsel testified that movant repeatedly rejected a plea to any specified term because of the express purpose of maintaining a greater possibility of probation in lieu of incarceration. Defense counsel testified that movant agreed to enter his plea to one count without reference to a specific term in return for the dismissal of the second count and no prosecutorial recommendation as to sentencing or probation.

On this appeal, movant suggests in spite of the record, that possible reference to a five-year term (discussed between movant and his counsel and rejected by movant because of possible probation) *inadvertently* led him to believe in the existence of such an agreement. The record of the plea proceedings reveals the absurdity of this contention:

"Q. You also understand that at this time there is no representation being made to you that you will or will not receive probation—

A. Yes, sir.

Q. —nor is there any assurance being given to you as to the length of sentence which will be imposed?

A. Yes, sir.

Q. Now, contrary to what I have just said, do you believe that there is any agreement in that regard?

A. No, sir."

The record demonstrates a painstaking effort by the trial court to disabuse movant of any reliance on an alleged prior agreement. This effort, in addition to defense counsel's explanation of the terms of the plea bargain, and movant's rejection of a plea to a specific term of years, negate movant's subsequent and subjective assertion that he believed he was to receive only a five-year term. When confronted at the evidentiary hearing with this obvious con-

trast, movant testified that he lied at the plea proceedings.

■ Movant's assertion on appeal must be examined in the light of the reasonableness of his claimed belief under *all the circumstances. McMahon, supra; Beattie v. State,* 603 S.W.2d 42 (Mo.App.1980). The trial court was at liberty to reject the testimony of the movant, *Jones v. State,* 598 S.W.2d 595 (Mo.App.1980). Review of this record discloses that there was no reasonable basis for movant to believe he would somehow receive a five-year sentence. *Washington v. State,* 597 S.W.2d 233 (Mo. App.1980); *Bierey v. State,* 586 S.W.2d 450 (Mo.App.1979). Moreover, there is nothing in this record to support movant's contention that he was misled by defense counsel. Counsel provided competent representation for movant well beyond the standard prescribed by *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979).

There is no merit to movant's point (3) and the same is ruled against him.

The judgment herein is found not to be clearly erroneous and is in all respects affirmed.

All concur.