**STATE of Missouri, Respondent,**

v.

**Albert Anthony ABRAM, Appellant.**

**No. WD 32608.**

Missouri Court of Appeals,
Western District.

May 4, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 1, 1982.

Application to Transfer Denied July 12, 1982.

William M. Barvick, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Michael Elbein, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Albert Abram entered a plea of guilty to a three-count indictment charging that he was in possession of methylphenidate, cocaine and pentazocine in violation of § 195.-020, RSMo 1978.[1] Pursuant to a plea bargain, the court sentenced Abram to three terms of five years to be served concurrently, but such sentences to be served consecutive to a twelve-year term which Abram was serving in the custody of the Department of Corrections at the time the charged offense occurred.

Abram appeals and contends that he was denied his Sixth Amendment right to a speedy trial; that he did not admit his guilt during the guilty plea and there was an insufficient factual basis established to support the plea; that the trial court failed to conduct a presentence investigation; and he was not arraigned within ten days of the indictment nor tried within 180 days of arraignment as required by § 545.780. Affirmed.

In *State v. Cody*, 525 S.W.2d 333, 335[6, 7] (Mo. banc 1975) the court stated: "We do not disturb the rule in Missouri that a plea of guilty voluntarily and understandingly made waives all nonjurisdictional defects and defenses."

Abram does not contend that his plea to the three counts was involuntary or made without understanding. A review of the record of the plea reveals no basis for such a contention and therefore the absence of that claim is understandable. Abram appeared with his court-appointed attorney after he had filed numerous pre-trial motions pro se and after his attorney had filed at least three such motions. Abram stated that he wanted to talk with the prosecuting attorney without the presence of his attorney and he did so. After this conference the court was informed that an agreement had been made for Abram to plead guilty to all three counts with the State recommending that he receive an eight-year sentence on each count with the sentences to run concurrently, but that Abram wanted the sentences to be five years to run concurrently. The court was informed that whatever sentence it imposed within the eight-year range was acceptable to the state. The court informed Abram that it would sentence him to five years on each count with the sentences to run concurrently and Abram agreed that was his bargain.

Abram now appeals and has briefed the case essentially as if the appeal did not follow a guilty plea.

Abram first contends that he was denied his Sixth Amendment right to a speedy trial because of a delay between the offense on February 23, 1980, and his appearance culminating in his guilty plea on February 23, 1981. In *State v. Dennis*, 537 S.W.2d 652, 654[7] (Mo.App.1976) this court held that a denial of a defendant's right to a speedy trial forms no basis for relief following a plea of guilty.

■ Abram next contends that he did not admit his guilt during the guilty plea hearing and thus there was no factual basis established for the acceptance of a plea. In *Parker v. State*, 608 S.W.2d 543, 545[1, 2] (Mo.App.1980) this court held that due process requires that a factual basis appear to support the waiver of rights which accompanies a plea of guilty. As noted above, no claim is made that the plea was not voluntarily made and there is nothing in the record to indicate otherwise. From the record it is clear that Abram admitted having a balloon in his mouth containing a controlled substance which he was about to swallow when a corrections officer intervened. There was established a factual basis for the plea. His real point is that he did not specifically admit possession of the

1. All statutory references are to RSMo 1978 unless otherwise noted.

**540**

drugs because he stated he did not know the name of the drugs contained in the pills within the balloon, and that he believed marijuana was the content. This argument was answered in *Parker* when this court stated at 545[1, 2]:

"A plea of guilty made voluntarily and with understanding of the charge constitutes a conclusive admission of guilt [*Skelton v. State*, 578 S.W.2d 323, 325[2, 3] (Mo.App.1979)]—despite that he withholds actual confession to the acts charged as an offense. *North Carolina v. Alford*, 400 U.S. 25, 31[3, 4], 91 S.Ct. 160, 164–65[3, 4], 27 L.Ed.2d 162 (1970); *Bounds v. State*, 556 S.W.2d 497, 498 (Mo.App.1977)."

Abram contends the court erred in failing to order a pre-sentence investigation. This contention obviously does not fall within the ambit of matters which may be raised following a guilty plea since it does not go to a jurisdictional matter. However, as pointed out in *State v. Phroper*, 619 S.W.2d 83, 91[11] (Mo.App.1981), § 557.026 provides that a defendant may waive the pre-sentence investigation. Abram obviously waived such investigation when he entered his plea of guilty and the court imposed the bargained sentence. Further, *Phroper* points out that the ordering of the pre-sentence investigation is discretionary with the court and for that reason the failure to order such could not in any event form a basis for error.

Abram finally contends that he was not arraigned within ten days of the indictment being made public and was not tried within 180 days after arraignment as required by § 545.780. Likewise, this fails to allege a ground for relief because it does not raise a jurisdictional defect. Nevertheless, § 545.780.5 provides that the failure of a defendant to move for dismissal prior to trial shall constitute a waiver of his right to dismissal under that section. Abram withdrew all pre-trial motions prior to entering his plea of guilty and thus there could not have been a pending motion for dismissal based on a violation of § 545.780 at the time the plea was entered.

Abram has failed to demonstrate any jurisdictional defect and thus the plea of guilty is not open to attack on this appeal.

The judgment is affirmed.

All concur.