**Richard SMALLWOOD,
Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 13934.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 23, 1985.

Frederick W. Martin, III, West Plains, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant filed a motion under Rule 27.26 seeking to vacate a conviction of rape for which movant was sentenced to 20 years' imprisonment. The conviction occurred after movant had entered a plea of guilty. Following an evidentiary hearing the trial court entered findings of fact and conclusions of law and denied the motion to vacate. Movant appeals.

Appellate review is to determine whether the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.-26(j). Those findings are clearly erroneous

if the appellate court is left with a definite and firm impression that a mistake has been made. *Lockett v. State*, 679 S.W.2d 337, 339 (Mo.App.1984).

Movant's point on appeal states:

The trial court erred in denying appellant's motion to vacate his guilty plea because appellant's guilty plea was not made voluntarily with an understanding of the nature of the charge in that neither the elements of the crime charged (i.e., rape) nor any factual basis for said charge had been stated to or by appellant prior to the acceptance of appellant's guilty plea to said charge.

At the time movant entered his plea Supreme Court Rule 25.04 set forth the duty of the trial court before accepting a guilty plea. That rule stated in part:

The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.[1]

The argument portion of movant's brief states, "The only question presented in this appeal is whether or not the trial court was clearly erroneous in finding that Rule 25.04 had been complied with at the time of Appellant's guilty plea." We hold that Rule 25.04 was complied with.

In the criminal proceedings movant was represented by two attorneys. At the hearing where the guilty plea was accepted movant stated that he had discussed the charge thoroughly with those attorneys. Movant said he understood that he was charged with "statutory rape". Other matters not relevant to the point here were also developed at that hearing. Then the trial court announced that it accepted the plea of guilty "in accordance with the Supreme Court Rule 25.04, finding that the defendant, Richard Smallwood, understands the nature of the charges filed against him, that he understands the consequence of entering his plea of guilty to those charges, and that he does so freely and voluntarily."

After those findings, the prosecuting attorney was asked by the court to make a statement of facts regarding the charge. When the prosecutor finished movant's attorney asked for a presentence investigation report, and the trial court ordered that a presentence investigation be made.

Sentencing occurred several months later. At that hearing, before the sentence was imposed, the trial court asked movant, "You understood the consequences of entering your plea, and that you did enter your plea freely and voluntarily?" Movant replied, "Yes, sir, I did."

■ Movant knew he was charged with "statutory rape". That charge is commonly understood to mean sexual intercourse with a female under the statutory age of consent. Although the facts were not recited until after the trial court accepted the plea, they were stated before the hearing on whether to accept the guilty plea was concluded and long before sentencing. If there was any doubt that movant entered the plea understanding the nature of the charge, its elements, and the factual basis for it, that doubt was removed when, after the prosecutor's statement of fact, movant reaffirmed that his plea of guilty was entered voluntarily.

■ Even if, as movant contends, he was so drunk that he did not recall what happened during the time that he is accused of committing the crime, that does not prevent the trial court from accepting the plea. If a guilty plea is knowingly and voluntarily entered, an admission of the facts charged is not a requisite to the imposition of sentence. *Howard v. State*, 627 S.W.2d 643, 645 (Mo.App.1981). If the plea represents a voluntary choice of alternatives, it is irrelevant that the accused does not recall the events of the crime. *Id.*

■ Although the finding that there is a factual basis for a guilty plea was not required by former Rule 25.04, there was a

---

1. For the present rule replacing the then Rule 25.04, see Rule 24.02(b), (c), and (e).

factual basis for appellant's plea.[2] A factual basis for a guilty plea can exist even though the accused does not admit or recite facts constituting the offense. *Smith v. State*, 663 S.W.2d 248, 249 (Mo.App.1983). A factual basis can be established by facts recited by the prosecutor. Id.

The record indicates that before the judgment and sentence were entered movant understood the elements of the crime and the facts on which the charge was based and that a sufficient factual basis for the plea was shown. We cannot say that the trial court's findings were clearly erroneous.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.

---

**2.** Present Rule 24.02(e) states:

"(e) *Determining Accuracy of Plea.* The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea."