Val G. BASS, Movant–Respondent,

v.

STATE of Missouri, Respondent–Appellant.

No. 17007.

Missouri Court of Appeals, Southern District, Division Two.

March 6, 1991.

Motion for Rehearing or Transfer Denied March 28, 1991.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Clifford R. Saulter, Sp. Dist. Defender, Springfield, for movant-respondent.

SHRUM, Judge.

In this post-conviction motion case (Rule 24.035)[1] the state asks us to determine that the motion court's judgment setting aside the movant's felony conviction for selling marijuana was clearly erroneous. At the movant's guilty plea hearing, the state was permitted to amend the information to conform to the movant's statement that he had sold marijuana to a person other than the one originally named in the information as the purchaser.

The issues here presented are:

(1) Whether amendment of the information to name a different marijuana purchas-

---

1. Rule 24.035(a) provides in part: A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.

er resulted in charging a different offense thereby preventing the trial court from accepting the movant's guilty plea without first affording him a new preliminary examination and a new arraignment; and

(2) Whether the motion court clearly erred in concluding that movant's plea was involuntary and made without his understanding the nature of the charge.

Because we conclude that the amendment did not charge a different offense and was not prejudicial to the movant's defense, and because we conclude the findings and conclusions of the motion court about the voluntariness of the movant's plea were clearly erroneous, we reverse.

### FACTS

The movant was charged by information with the April 1987 sale of marijuana to Mark Stoner in violation of § 195.020, RSMo 1986 (repealed). On the morning of his trial, the movant announced to the court he wanted to plead guilty pursuant to a plea bargain for a five-year sentence. During the guilty plea hearing, when asked to tell his version of the facts which had given rise to the charge, the movant said, "I sold marijuana to my friend, Ladd Anderson, which in turn sold it to Mark Stoner." After the judge pointed out that the information charged a sale to Mark Stoner, the movant said, "I sold it to my friend, and then he sold it to Mark Stoner."

The prosecutor then presented a summary of the state's evidence, and the movant denied the accuracy of the state's version of the facts, explaining, "I handed the stuff to Ladd Anderson which paid me, which in turn Ladd Anderson gave it to Mark Stoner." The trial court continued to examine the movant:

Q. So, you're, you're telling me that, that you feel you sold to Ladd Anderson and not, not Mark Stoner?

A. Yes, sir but that's going to look just as bad on the trial as—

\* \* \* \* \* \*

Q. [Y]ou're telling me that you did sell marijuana on that day ... at your house in Jasper County, but you sold it to Ladd Anderson instead of Mark Stoner? Is that what you're telling me?

A. Yes, sir.

The state was permitted to amend the information by interlineation to charge the sale of marijuana was to Ladd Anderson rather than to Mark Stoner. Asked if he objected to the amendment, movant's trial counsel replied, "No, your honor." The court then said, "All right, the information will be amended to show that he sold to Ladd Anderson. It will now read, 'The defendant knowingly sold to Ladd Anderson marijuana, a controlled substance.'" Movant's guilty plea hearing continued, and, in accordance with the plea bargain, he was sentenced to five years imprisonment.

The movant filed a motion for post-conviction relief alleging that the amendment to the information rendered his guilty plea involuntary. Following an evidentiary hearing, the motion court vacated the movant's judgment of conviction and ordered a new trial. The motion court set out the following among its "findings of fact":

4. That at [his guilty plea hearing], Movant protested his innocence and the information was amended to read that he sold a controlled substance to Ladd Anderson;

5. That Movant was never arraigned or afforded a preliminary examination on this wholly new charge;

. . . .

7. That Movant's plea to this amended charge was not freely and voluntarily made.

In the portion of its order denominated "conclusions of law," the motion court stated:

4. Because [the rights enumerated in Supreme Court Rules 22.07(c), 24.01, and 24.02(b)(1) concerning preliminary examination and arraignment were not] afforded to Movant before he was allowed to enter a plea [of] guilty, there is doubt that he fully understood the nature of the charge against him. If a defendant does not know the nature of the charge, a plea of guilty should not be taken.

5. Because Movant established by a preponderance of the evidence that his plea was entered involuntarily and without his understanding of the nature of the charge, the law requires that the guilty plea be set aside and vacated. (Citations omitted).

## SCOPE OF REVIEW AND ISSUES ON APPEAL

Appellate review of a motion court's action on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j). *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied*, — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Such findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Day*, 770 S.W.2d at 695–96.

On appeal, the state raises two allegations of motion court error. First, the state contends that the amendment to the information that changed the name of the marijuana purchaser did not create "a wholly new charge" requiring a new preliminary examination and arraignment. Second, the state contends the motion court's determination that the movant's plea "was entered involuntarily and without his understanding of the nature of the charge" is "clearly refuted by the record."

## ANALYSIS AND DECISION

Supreme Court Rule 23.08 provides in part: "Any information may be amended ... at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Such amendment may be made to conform the information to the evidence. *State v. Eaton*, 504 S.W.2d 12, 20 (Mo.1973). In the case before us, the trial court permitted the state to amend the information by interlineation to conform to the movant's statements that he sold marijuana to Ladd Anderson rather than to Mark Stoner. The issue is whether the information, thus amended, charged a different offense and whether the movant's defense was thereby prejudiced.

 The movant was charged with selling marijuana, a violation of § 195.020.1, RSMo 1986 (repealed), which reads in pertinent part: "It is unlawful for any person to ... sell ... any controlled ... substance ... except as authorized in sections 195.010 to 195.320." The elements of the offense are twofold: a sale and a controlled substance. The identity of the buyer is irrelevant. *Parker v. State*, 608 S.W.2d 543, 546 (Mo.App.1980). Thus an information that does not identify the buyer is not fatally defective. *State v. Dyer*, 582 S.W.2d 736, 737 (Mo.App.1979) (en banc). Nor is an information defective because it does not charge the defendant with selling to *a person;* the existence of a buyer is inherent in the word *sell.* *Haynes v. State*, 565 S.W.2d 191, 192 (Mo.App. 1978).

Unlike *Dyer* and *Haynes*, cases in which the informations were silent concerning the drug purchasers, the case before us involves an information that, in original form, named the wrong person as buyer. In dictum, the Missouri Court of Appeals, Western District, observed that if an information charges a defendant with the sale of a controlled substance to one person and the evidence is that he sold it to a different person, the information is not fatally defective because the identity of the buyer is "surplusage" rather than an essential element of the offense. *State v. Lemon*, 504 S.W.2d 676, 681 (Mo.App.1973). *Accord, State v. Jones*, 96 Nev. 71, 605 P.2d 202, 205–06 (1980).

Our state supreme court, in *State v. Taylor*, 375 S.W.2d 58 (Mo.1964), addressed the issue of the effect of correcting the name of the purchaser in an indictment or information charging an unlawful sale of narcotics in violation of § 195.020. The court noted:

> The offense charged in the substitute information ... was no different from that charged in the indictment, except as to the name of the person to whom the drug was allegedly sold. The difference

in the stated names of the purchaser did not make it a different offense. *Taylor,* 375 S.W.2d at 63.[2] Based on the above cited authority, we conclude the amendment to change the name of the person who purchased the marijuana from the movant did not charge a new offense.

Movant's request for relief fails on a second score: the amended information must have resulted in prejudice to his defense. Rule 23.08; *State v. Wilson,* 544 S.W.2d 859, 862 (Mo.App.1976). The movant has the burden of proving his grounds for relief by a preponderance of the evidence. Rule 24.035(h). The movant has not met his burden.

The test of prejudice caused by an amended information is

> whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after, as well as before, the amendment.

*Id.* at 862, citing *Taylor,* 375 S.W.2d at 63. In *Taylor,* in which the name substitution occurred the day before trial, the court held that an indictment that uses an incorrect name for a drug purchaser is not defective when there is nothing in the record to indicate the state, in the original information, intended to refer to a different person, that the defendant was misled by the misnomer, or that his defense was prejudiced by the name change. 375 S.W.2d at 63.

Unlike the situation in *Taylor,* the original information in the case now before us did refer to "an entirely different person from him named in the substitute information." *See* 375 S.W.2d at 63. Nevertheless, we perceive no prejudice to the movant's defense. As in *Taylor,* there is no evidence the movant "was misled by the misnomer" and there is "no question that the identity of the purchaser of the drug was known to [the movant]." *Taylor,* 375 S.W.2d at 63. The movant points to no evidence that demonstrates how, under the test as stated in *Wilson,* 544 S.W.2d at 862, his defense was prejudiced by the amendment to the information.

We are mindful that we must affirm the judgment of the motion court unless its findings and conclusions are clearly erroneous. Rule 24.035(j); *Day,* 770 S.W.2d at 695. In reviewing the motion court's findings of fact, we observe that paragraph 4 is not supported by the record. The transcript of the guilty plea hearing shows that the movant denied a sale of marijuana directly to Mark Stoner, but he never "protested his innocence" to the crime of selling marijuana; he repeatedly admitted selling marijuana to Ladd Anderson. Paragraph 5 of the motion court's findings of fact is clearly erroneous because of our conclusion that the amendment of the information did not result in a "wholly new charge." Paragraph 7 of the findings of fact is a conclusion of law premised on the motion court's erroneous belief that the amendment of the information resulted in a "wholly new charge."

The motion court's conclusions of law likewise are predicated on the erroneous

---

2. In a footnote, the court in *Taylor* observed:
 Where an amendment effects a change of identity by specifying an entirely different person it is a material change and a fatal variance. *State v. Fennewald,* Mo.Sup. 339 S.W.2d 769, 774[5].
375 S.W.2d at 63 n. 2. The above quoted dictum in *Taylor,* examined in light of the holding in *Fennewald,* does not support the movant's position that the amendment to the information filed against him charged a different offense and that he was thereby prejudiced.
 *Fennewald* did not involve an amendment to an information to conform it to the evidence. In *Fennewald,* the grand jury indictment charged that the defendant "agreed to an automobile race with one Walter Schweppe" and "acting jointly in pursuance of said agreement"

defendant and Walter Schweppe were racing their vehicles when the Schweppe vehicle, in which Schweppe's brother Martin was a passenger, collided with an automobile driven by Gerald Miles. Miles and both Schweppes were killed. 339 S.W.2d at 770–71. The Missouri Supreme Court reversed defendant Fennewald's manslaughter conviction because the verdict directing instruction was broader than the indictment in that it permitted the jury to find the defendant guilty of manslaughter if it found that he agreed to race and engaged in the race with "one of the Schweppe brothers" rather than with Walter Schweppe as charged in the indictment. *Id.* at 774–75. The holding in *Fennewald,* based on instructional error, does not control a case involving a guilty plea.

belief that the amendment to the information charged a different offense. Because the amended information did not charge a different offense and because the movant's defense was not prejudiced by the amendment, there was no need for the movant to be given a new preliminary examination and a new arraignment.[3]

The motion court's conclusion that the movant's guilty plea "was entered involuntarily and without his understanding of the nature of the charge" was based on the failure of the trial court to provide the movant with a new preliminary examination and a new arraignment. As we have discussed, those proceedings were not required. Nevertheless, we have examined the transcripts of the guilty plea hearing and the Rule 24.035 motion hearing and have found no evidence to support an assertion that the guilty plea was involuntary and made without the movant's understanding. Although the movant alleged in his post-conviction relief motion that his plea was not voluntary and he reiterated that conclusionary allegation in his testimony at the motion hearing, such allegations are not self-proving. *Collins v. State*, 792 S.W.2d 887, 889 (Mo.App.1990); *Malady v. State*, 762 S.W.2d 442, 443 (Mo.App.1988).

In a post-conviction relief case, "[i]f the decision can be sustained on any ground, stated or not, it will be upheld." *Thomas v. State*, 761 S.W.2d 246, 251 (Mo.App.1988). We have reviewed the record with this principle in mind, but we find no factual or legal basis for sustaining the motion court's judgment.

The judgment is reversed and the case is remanded for reinstatement of the judgment of conviction.

FLANIGAN, C.J., and PARRISH, P.J., concur.

---

**3.** From our review of the entire record, including the trial court's docket entries, the guilty plea hearing transcript, and the transcript of the motion court hearing, it is clear there was probable cause to believe the movant committed the offense (Rule 22.07(c)), the trial court stated to him the substance of the charge (Rule 24.01), and he understood the nature of the charge to which he pled guilty (Rule 24.02(b)(1)).