STATE of Missouri, Respondent,

v.

Sterling Junior HILL, Appellant.

No. 51286.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Motion for Rehearing or for Transfer to
Court En Banc Denied Dec. 13, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Richard G. Altobelli, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Lewis E. Pierce, Robert G. Duncan, Pierce & Duncan, Kansas City, for appellant.

HIGGINS, Commissioner.

Sterling Junior Hill, charged with a prior felony under Section 556.280, RSMo 1959, V.A.M.S., was found guilty of robbery, first degree, and sentenced to twenty-five years' imprisonment. Sections 560.120 and 560.135, RSMo 1959, V.A.M.S. Upon appeal we held that the evidence on the question of defendant's guilt of robbery was sufficient for the jury; however, we held also that while a Certified Transcript of Serial Record of the Department of Corrections, describing the named person and containing photographic and fingerprint identification, was sufficient to show defendant was received at the penitentiary and was discharged on commutation of a 2-year sentence after serving from October 21, 1957, to December 1, 1958, it did not prove his conviction of an offense making Section 556.280, supra, applicable. Accordingly, we declared the sentence void and remanded the cause with directions to the trial court to cause defendant to be brought before it to hold a hearing on the issue of former conviction and, if proved, to pronounce sentence and judgment, but, in the alternative, if the issue be found in favor of defendant, to grant him a new trial. State v. Hill, Mo., 371 S.W.2d 278, 282, 283 [7–9]. The court held a hearing on these issues and found "that the previous conviction set forth in the Information has been proved by the state." The previous conviction set forth in the amended information, upon which defendant was tried, was "that Sterling Junior Hill * * * at the County of Polk, State of Missouri, at the October, 1957 Term of Court, was convicted of a felony, to wit: Burglary, and was sentenced to two (2) years on the Missouri State Penitentiary therefor; that thereafter on the 21st day of October, 1957, he was received at the Missouri State Penitentiary at Jefferson City, Missouri, that thereafter on the 1st day of December, 1958 he was released from said penitentiary upon commutation of sentence." After overruling defendant's motion for new trial, thereafter filed, defendant was again sentenced to 25-years' imprisonment and he has appealed.

At the hearing held pursuant to our mandate, the Certified Transcript of Serial Record of the Department of Corrections from the original trial was received as Exhibit 1. The subject of the exhibit was "Sterling Hill, Jr.," and a picture of defendant with a number card showing his serial number 9766 was attached. The exhibit contained a description of Sterling Hill, Jr., at age 17, and showed that he was received October 21, 1957, for the "Offense Burglary, County, Polk." It also showed a sentence of two years, October 18, 1957, and "Discharged, Commutation of Sentence—MIR–12–1–1958." Also in evidence was the testimony of Lloyd Wilson, Circuit Clerk of Polk County, Missouri. He identified Exhibit 3 in evidence as the information filed in the Circuit Court of Polk County, in which Sterling Hill was

charged with the felony of burglary and stealing in Polk County, Missouri. He also identified Exhibit 2 in evidence as the judgment and sentence affecting defendant. It showed that Sterling Hill appeared in the Circuit Court of Polk County, Missouri, October 18, 1957, in response to an information charging burglary and larceny, and that in company with his lawyer he entered a plea of guilty to the felony of burglary, the larceny charge having been dismissed. It showed also that Sterling Hill was sentenced to imprisonment in the state penitentiary for a term of two years and that "defendant being seventeen years of age and not having previously been convicted of a felony, his imprisonment is hereby commuted to imprisonment in the Intermediate Reformatory at Algoa, Missouri for a term of two years."

Appellant's Point I is that the proof did not establish the former conviction, and that there was a fatal variance between proof and charge because the amended information charged that defendant was received at and released from the Missouri State Penitentiary, while the proof showed he was received at and released from the Intermediate Reformatory.

■ State's Exhibits 1, 2, and 3 prove that defendant was convicted and sentenced for the felony of burglary on October 18, 1957; that he was imprisoned in the Intermediate Reformatory on October 21, 1957, and that he was discharged from the Intermediate Reformatory on December 1, 1958. Any doubt raised by the use of the names Sterling Hill, Sterling Hill, Junior, and Sterling Junior Hill was dispelled by the evidence as to age and description of the party received at Algoa, the photograph of that party before the court at the time of the present sentence, and the admission of appellant at the sentencing in the original trial that he had served one term in the Missouri State Penitentiary. State v. Collins, Mo., 394 S.W.2d 368.

■ The contention of fatal variance between the allegation of imprisonment in the penitentiary and proof of imprisonment in the Intermediate Reformatory is of no merit because we have already held that the Certified Transcript of Serial Record, Exhibit 1, was sufficient to show defendant was received at the penitentiary and discharged therefrom, State v. Hill, supra, 371 S.W.2d l. c. 282 [9]; and our provision for punishment of second offenses, Section 556.280, supra, applies to persons convicted of a felony and imprisoned in the Intermediate Reformatory at Algoa as well as to those imprisoned in the penitentiary proper. State v. Cerny, Mo., 248 S.W.2d 844, 845 [1].

■ In Point II appellant says he was denied due process because he did not have a preliminary hearing on the amended charge upon which he was tried. The transcript shows, and appellant concedes, that the only amendment to the original information charging robbery, first degree, was the added allegation of prior conviction under Section 556.280, supra. The amendment in question did not constitute any separate or different offense upon which to hold a preliminary hearing, but only authorized the assessment of punishment by the court instead of the jury if defendant was found guilty of the principal charge and the prior conviction. State v. Ninemires, Mo., 306 S.W.2d 527, 530 [6]; State v. Long, 324 Mo. 205, 22 S.W.2d 809, 811 [1]; State v. Collins, Mo., 383 S.W.2d 747, 750 [7].

■■ Point III charges that the judgment and sentence is a nullity and that appellant was denied due process because he was never arraigned on the information upon which he was tried. The transcript shows that the defendant was arraigned on the original information charging him with robbery, first degree; and we held that filing of the amended information in order to charge defendant with prior felony under Section 556.280, supra, on the day

of trial and proceeding to trial thereon was proper where defendant had notice of the amendment five days before trial, State v. Hill, supra, 371 S.W.2d 1. c. 282 [7]; and, since the amendment did not charge defendant with any separate or different offense (Point II above), it was not necessary to show any further arraignment.

By Point IV appellant claims he was denied equal protection of the law in that he, but not all second offenders, was tried under the Second Offense Act. It is doubtful that this point is preserved for review by the motion for new trial but, if it is properly raised, it is without merit because, in so far as it appears here, the averment is merely an unsupported general conclusion, State v. Butler, Mo., 353 S.W. 2d 698, 700 [4–6]; and the matter of whether to charge a defendant with prior convictions is one properly within the discretion of a prosecuting attorney.

Finally, appellant says the sentence is void because the evidence of prior conviction, sentence and imprisonment was not determined prior to submission of the case to the jury in that the hearing ordered by this court, at which additional evidence was taken, occurred after the jury rendered its verdict. This exact contention was denied in State v. Kent, Mo., 382 S.W.2d 606, 607 [1], when we adopted and applied the holding in Wilfong v. Johnston, U.S.C.A. 9 Cir., 156 F.2d 507, 510, and in In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149, that "[w]here the conviction is correct and the error or excess of jurisdiction has been as stated (in sentencing), there does not seem to be any good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence, in order that its defect may be corrected." 151 U.S. 1. c. 259, 14 S.Ct. 1. c. 326.

Accordingly, we hold that the provisions of Section 556.280, supra, were properly applied and that the court did not err in re-

sentencing defendant rather than granting him a new trial.

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.