STATE ex rel. Skylar M.
MANION, Relator,

v.

The Honorable R. Brent ELLIOTT,
Respondent.

No. SC 90222.

Supreme Court of Missouri,
En Banc.

Feb. 23, 2010.

As Modified March 23, 2010.

Robert E. Sundell, Anderson & Sundell, P.C., Maryville, for Relator.

Chris Koster, Attorney General, Jayne T. Woods, Assistant Attorney General, Jefferson City, Andrea Gibson, Prosecuting Attorney, Gallatin, for Respondent.

WILLIAM RAY PRICE, JR., Chief Justice.

## I. Introduction

Skylar Manion moved for a change of judge for his probation revocation hearing. The Honorable R. Brent Elliott ("Respondent") denied the motion. Manion applied to this Court to prohibit Respondent from proceeding, and a preliminary writ in prohibition issued.

Because probation revocation is a civil proceeding, a request for a change of judge is governed by Rule 51.05. Rule 51.05 provides for a change of judge, without cause, if a defendant timely files an application for change of judge. Manion

filed a timely application and is entitled to a change of judge.

The preliminary writ of prohibition is made permanent.

## II. Factual and Procedural Background

On April 4, 2006, Skylar Manion pleaded guilty in Daviess County before Judge Stephen K. Griffin to three counts of second-degree arson and one count of attempted second-degree arson. He was seventeen at the time. Judge Griffin suspended imposition of Manion's sentence and placed him on a five-year probationary term.

Over the next two years, Manion had three probation revocation hearings, with Judge Warren L. McElwain presiding. Judge McElwain determined that Manion had violated conditions of his probation but continued him on probation in each hearing—first with "shock probation," then with another five-year probationary term, then with the additional condition that he complete a recovery program.

On February 1, 2009, Respondent was assigned to the case. Because timeliness of filing is at issue, a timeline is helpful:

March 25, 2009: A warrant was issued for Manion's arrest, with no bond allowed.

March 30: A probation violation report was filed by the Missouri Board of Probation and Parole, and the revocation hearing set for April 9.

March 31: The warrant was served on Manion.

April 6: The prosecutor filed a third application to revoke probation.

April 9: Manion obtained a continuance of the hearing.

April 23: Another probation violation report was filed.

April 28: Manion filed a motion for change of judge.

May 7: Respondent denied the motion for change of judge and rescheduled the revocation hearing.

Manion filed his motion for change of judge 22 days after the third application to revoke probation and 28 days after the warrant was served. He had not previously requested a change of judge.

Manion petitioned this Court, which entered a preliminary writ of prohibition on July 14, 2009, staying Respondent from taking further action in the underlying probation case.

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, § 4.

## III. Analysis

### A. A Probation Revocation Hearing Is a Civil Proceeding, Governed by Rule 51.05

██ A writ of prohibition is available to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended. *State ex rel. Missouri Public Defender Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009). The filing of a timely application for change of judge deprives the court of further authority to do anything in the case other than grant the application. *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo. banc 1986). Conversely, an untimely application for change of judge is properly denied on that basis by the trial court. *State v. Owens*, 759 S.W.2d 73, 74 (Mo.App.1988).

██ In this case, the writ of prohibition must lie if Manion timely filed his application for change of judge. The timeliness of the application depends on whether a probation revocation hearing is a civil or a criminal proceeding. If a revocation hearing is a criminal proceeding (or ancillary to a criminal proceeding), then Rule 32.07

governs and the application was not timely. But if a revocation hearing is a civil proceeding, then Rule 51.05 governs and the application was timely.

Manion contends that a probation revocation hearing is a civil action and, therefore, governed by Rule 51.05. He argues that, under Rule 51.05, his application was timely filed, entitling him to an automatic change of judge. Respondent concedes that revocation hearings are not criminal proceedings, but asserts that they are ancillary to the criminal proceeding and, therefore, governed by Rule 32.07. He suggests that Manion would have been entitled to a change of judge if his motion were timely filed, but that under Rule 32.07, it was not timely.

Rule 51.05 states: "A change of judge shall be ordered in *any civil action* upon the timely filing of a written application therefor by a party." Rule 51.05(a) (emphasis added). Rule 32.07 states that "a change of judge shall be ordered in *any criminal proceeding* upon the timely filing of a written application therefor by any party." Rule 32.07(a) (emphasis added). Neither rule specifies whether a probation revocation hearing is governed by civil or criminal procedure.

■ A probation revocation hearing is not a criminal proceeding. *Moore v. Stamps*, 507 S.W.2d 939, 949 (Mo.App. 1974). It is a civil action and not a mere continuation of the earlier criminal proceeding. *See State ex rel. Horton v. House*, 646 S.W.2d 91, 92–93 (Mo. banc 1983). Accordingly, Rule 51.05, as op-

posed to Rule 32.07, governs Manion's motion for a change of judge.

### B. The Application for Change of Judge Was Timely

■ Rule 51.05 grants a party the absolute right to disqualify a judge once without cause or any showing of prejudice. *Matter of Buford,* 577 S.W.2d 809, 828 (Mo. banc 1979). The two limitations on obtaining a change of judge are that the application be timely filed and that no other member of the applicant's "class" previously obtained a change of judge under Rule 51.05.[1] Here, Manion had not previously requested a change of judge. Nor was the judge concerned Manion's sentencing judge. *State ex rel. O'Brien v. Murphy,* 592 S.W.2d 194, 196 (Mo.App. 1979). Therefore, the only remaining issue is whether his application for change of judge was timely filed.

Rule 51.05(b) defines the period within which an application for change of judge must be filed to be timely:

The application must be filed *within 60 days from service of process* or *30 days from the designation of the trial judge,* whichever time is longer. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to any appearance before the trial judge.

Rule 51.05(b) (emphasis added). In this case, the longer period of time is 60 days from service of process.[2] The motion to revoke probation was filed on April 6, 2009. Manion filed his application for

1. Rule 51.05(a) states: "A change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by a party." Rule 51.05(a). Rule 51.05(d) states: "Application for change of judge may be made by one or more parties in each of the following classes: (1) plaintiffs; (2) defendants; (3) third-party plaintiffs (where a separate trial has been ordered); (4) third-party defendants; or (5) intervenors. Each of the foregoing classes is limited to one change of judge, and any such change granted any one or more members of a class exhausts the right of all members of a class to a change of judge."

2. Respondent was assigned to Manion's case on February 1, 2009.

change of judge on April 28, 2009, which was 22 days after the motion to revoke probation was filed and well within the 60–day time limit. Accordingly, his application was timely filed.

## IV. Conclusion

The preliminary writ of prohibition is made permanent.

All concur.