

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel.             )
MARIO RICHARDSON,    )
                       )
      Relator,         )
                       )
v.                       )     No. SC97179
                       )
THE HONORABLE      )
BRIAN MAY,            )
                       )
      Respondent.   )

*Opinion issued January 15, 2019*

## ORIGINAL PROCEEDING IN PROHIBITION

Mario Richardson filed a petition for a writ seeking to prohibit the Honorable Brian May ("Respondent") from proceeding with any action other than vacating an order denying Richardson's application for change of judge pursuant to Rule 32.07.[1] Rule 32.07(b) requires the application for change of judge to be filed within 10 days of "the initial plea" in a criminal case or within 10 days of "the designation" of the trial judge. Richardson did not timely file his application for change of judge. The preliminary writ of prohibition is quashed.

---

[1] Richardson filed a "motion" for change of judge. Rule 32.07 refers to "the application" for change of judge. This Court will utilize the terminology in Rule 32.07 and refer to Richardson's filing as his "application" for change of judge.

## Factual and Procedural Background

In July 2016, the state charged Richardson in Cause No. 16SL-CR04006-01 with unlawful possession of a firearm, § 571.070, second-degree assault of a law enforcement officer, § 565.082, RSMo 2000, and felony resisting arrest, § 575.150.[2] The case was assigned to Judge Steven Goldman. On July 12, 2016, Richardson was arraigned and entered his initial plea of not guilty in Cause No. 16SL-CR04006-01. Following Judge Goldman's retirement, Respondent was assigned by administrative order to preside over Cause No. 16SL-CR04006-01 effective November 7, 2016. In July 2017, Respondent set the case for a jury trial to begin on April 2, 2018.

On March 29, 2018, the state filed a superseding indictment in Cause No. 16SL-CR04006-01, charging Richardson with two counts of possession of a controlled substance, § 195.202, in addition to the charges in the original indictment.[3] On April 12, 2018, Richardson waived arraignment and pleaded not guilty to the charges in the superseding indictment.

On April 16, 2018, Richardson filed an application for change of judge pursuant to Rule 32.07. Respondent denied the application and scheduled the case for trial to begin July 9, 2018. Richardson filed a petition for writ of prohibition.

---

[2] All statutory citations are to RSMo 2016 unless otherwise provided. Section 565.082 was repealed effective January 1, 2017.

[3] The indictment specified it was "to supersede [the] indictment previously filed." It then listed all five charges together without distinguishing the new and old charges.

## Standard of Review

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4.1. "A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *State ex rel. Fite v. Johnson*, 530 S.W.3d 508, 510 (Mo. banc 2017) (internal quotation omitted).

## The Application Was Untimely

Rule 32.07 provides for an automatic change of judge in felony and misdemeanor cases. A timely application for change of judge deprives the court of authority to do anything other than grant the application. *State ex rel. Manion v. Elliott*, 305 S.W.3d 462, 463 (Mo. banc 2010). An untimely application should be denied. *Id.*

Rule 32.07(b) provides:

> In felony and misdemeanor *cases* the application must be filed not later than ten days after *the initial plea* is entered. If the designation of the trial judge occurs more than ten days after the initial plea is entered, the application shall be filed within ten days of *the designation* of the trial judge or prior to commencement of any proceeding on the record, whichever is earlier.

(Emphasis added.)

Richardson argues his application was filed timely within 10 days of his "initial plea" to the new charges in the superseding indictment. Alternatively, Richardson asserts his motion was filed timely within 10 days of "the designation" of Respondent as the trial judge on April 12, 2018, when Richardson waived arraignment on the new charges in the superseding indictment.

3

"This Court interprets its rules by applying the same principles used for interpreting statutes." *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011). "Consequently, [t]his Court's intent is determined by considering the plain and ordinary meaning of the words in the Rule." *Id*. (internal quotation omitted). The plain and ordinary meaning of an undefined term is derived from the dictionary. *Mantia v. Mo. Dep't of Transp.,* 529 S.W.3d 804, 809 (Mo. banc 2017).

A. *Initial Plea*

The word "initial" means "of or relating to the beginning: marking the commencement: incipient, first." *Merriam Webster 3rd New International Dictionary* 1163 (2002). Following the plain language of Rule 32.07(b), the "initial plea" is the first plea "in felony and misdemeanor cases." By definition, there can be only one "initial plea" in a criminal case.

Richardson entered the initial plea in his criminal case on July 12, 2016, when he pleaded not guilty. Richardson filed his application for a change of judge on April 16, 2018, more than 600 days after he entered "the initial plea" in his criminal case.

Like the dissent, Richardson argues he entered an "initial plea" to the new charges in the superseding indictment, triggering a second opportunity to file an application for change of judge pursuant to Rule 32.07. Rule 32.07(b), however, expressly refers to "cases," not "charges." The Rule refers singularly to "the application" and requires it to be filed within 10 days of the single "initial plea" in the case. Richardson's plea of not guilty to the new *charges* was not "the initial plea" in his criminal *case*.

This conclusion is confirmed by the 1993 amendment to Rule 32.07. In addition to shortening the time period for filing an application for change of judge, the amendment

4

eliminated "arraignment" as a triggering event for an application for change of judge and replaced it with "the initial plea."[4] The clear intent of the amendment was to require the application for change of judge to be filed at the outset of the case to avoid undue delay in the resolution of criminal cases.[5] The fact Richardson waived arraignment on new charges in a superseding indictment in April 2018 does not negate the fact he previously entered "the initial plea" in his criminal case in July 2016. Richardson did not file his application for change of judge within 10 days of "the initial plea" in his criminal case. [6]

B. *Designation of the Trial Judge*

Alternatively, Richardson asserts his motion was timely filed within 10 days of "the designation of the trial judge." Richardson argues the April 12, 2018, arraignment memorandum designated Respondent as the trial judge because it states "Cause assigned to Division 1 for hearing and determination."

The relevant definition of the word "designate" is "to name esp. to a post or function." *Merriam Webster 3rd New International Dictionary* 612 (2002). Therefore, "the designation"

---

[4] Prior to 1993, Rule 32.07(c) provided:
> In felony cases the application must be **filed not later than thirty days after arraignment if the trial judge is designated at arraignment**. If the trial judge is not designated at arraignment, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

(Emphasis added.)

[5] The dissent correctly notes one purpose of Rule 32.07 is to avoid undue delay. The dissent's logic is a recipe for gamesmanship and delay, as it would require the circuit court to order a change of judge on the request by counsel for either party every time new charges are added.

[6] The dissent's observation that Rule 32.07(b) provides an "unfettered" right to a change of judge is irrelevant to determining whether the right attaches in this case. The right is "unfettered" only if it attaches in the first place. Because Richardson did not file his application for change of judge within 10 days of his initial plea in the criminal case, he has no "unfettered" right to a change of judge pursuant Rule 32.07(b).

5

of the trial judge is completed when the judge is "named" or assigned to perform a judicial function in the case.

Respondent was designated as the trial judge in November 2016, when he was first assigned to preside over Richardson's criminal case. Nothing shows Respondent's designation as the trial judge was rescinded. Instead, Respondent continued to preside over the case, conferring with counsel just days prior to the superseding indictment. Further, St. Louis County Local Rule 36.1 provides "All civil and criminal jury cases will be set for trial by the judge of the division to which the case [is] assigned." Respondent was assigned as the trial judge in November 2016 and set the case for a jury trial to begin in April 2018. Richardson's April 2018 application for change of judge was not filed within 10 days of the November 2016 designation of Respondent as the trial judge for Richardson's criminal case.

## Conclusion

Richardson did not file his application for change of judge within 10 days of "the initial plea" or "the designation of the trial judge." Respondent properly denied Richardson's application for change of judge. The preliminary writ of prohibition is quashed.

_____
Zel M. Fischer, Chief Justice


Wilson, Powell and Breckenridge, JJ., concur;
Russell, J., dissents in separate opinion filed;
Draper and Stith, JJ., concur in opinion of Russell, J.

6



# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel.　　　　　　　　　　　)
MARIO RICHARDSON,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Relator,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　No. SC97179
　　　　　　　　　　　　　　　　　)
THE HONORABLE　　　　　　　　)
BRIAN MAY,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　　)

### DISSENTING OPINION

Respectfully, I dissent. The "initial plea" language in Rule 32.07 refers to the first plea to each *charge* rather than to the case as a whole. A defendant cannot enter a plea to a count for which he has not yet been charged. Accordingly, Richardson's application for change of judge was timely. I would make the preliminary writ permanent and require Respondent, as a result of the later-added charges, to grant Richardson's application for change of judge.

This Court is to liberally construe Rule 32.07 in favor of the right to disqualify a judge. *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo. banc 1986). "This is a highly prized right which [this Court has] liberally granted." *State ex rel. Dir. of Revenue, State of Mo. v. Scott*, 919 S.W.2d 246, 247 (Mo. banc 1996). "It has been

described as a right that is virtually unfettered." *Id.* (internal quotation omitted).  The

purpose of Rule 32.07 is "to assure fairness to litigants in exercising their privilege to

disqualify a trial judge, while, at the same time, avoiding undue delay in the

proceedings." *State ex rel. Mountjoy v. Bonacker*, 831 S.W.2d 241, 244 (Mo. App.

1992).

I disagree with the principal opinion's interpretation that "initial plea" refers only

to the case as a whole rather than to the charge itself.  The principal opinion emphasizes

the language introducing Rule 32.07's subdivision (b), which begins: "In felony and

misdemeanor cases ...."  Rule 32.07(b).  But the introductory language in Rule 32.07(b)

merely indicates the 10-day time limit for filing an application for change of judge

applies both to felony cases *and* misdemeanor cases.  This is evidenced by the 1993

amendment to Rule 32.07.  Prior to the amendment, Rule 32.07 provided two different

timelines for filing an application for change of judge, depending on whether the

defendant was charged with a misdemeanor or felony offense:

> (b) *In misdemeanor cases* the application must be filed not later than ten days
> before the date set for trial ....
> (c) *In felony cases* the application must be filed not later than thirty days after
> arraignment if the trial judge is designated at arraignment ....

Rule 32.07(b)-(c) (1982) (emphasis added).

The language in this older version of Rule 32.07 clearly provided that "cases"

signified which of two deadlines the defendant had to meet to file an application based on

whether the defendant was charged with a misdemeanor or felony offense.  And when the

rule was amended, sections (b) and (c) were essentially combined to provide for one

2

10-day deadline, regardless of the nature of the case: "In felony *and* misdemeanor cases ...." Rule 32.07(b) (emphasis added). The drafters kept this language as they combined the two subsections with the intention of streamlining the rule's timelines. Nothing in the plain language indicates that this merger was intended to create limiting language. This Court "interprets its rules by applying the same principles used for interpreting statutes." *Spence v. BNSF Ry. Co.*, 547 S.W.3d 769, 774 (Mo. banc 2018).[1] In looking at the evolution of the language of Rule 32.07 with this Court's 1993 amendment and in the context in which the amendment was made, there was no intent to limit a defendant's "virtually unfettered" right to a change of judge in a case.

If the drafters of Rule 32.07 intended to limit "initial plea" to the first plea occurring in any given case, they could have simply done what the principal opinion has done and placed the language "in felony and criminal cases" after the phrase "initial plea." Such a placement would indicate "initial plea" referred simply to the first plea occurring in the case as a whole. But this language was not placed after "initial plea" and does not have the limiting effect the principal opinion purports to assign to it. Accordingly, I do not agree with the principal opinion's conclusion that "initial plea" refers only to the very first plea entered in a criminal case, regardless of what occurs after that very first plea.

---

[1] "When interpreting a statute, the primary goal is to give effect to legislative intent as reflected in the plain language of the statute." *Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 615 (Mo. banc 2016) (quoting *State v. Moore*, 303 S.W.3d 515, 520 (Mo. banc 2010)).

To ascertain the meaning of "initial plea," a full reading of Rule 32.07 is required. The rule provides:

(a) Except as provided in Rule 32.06, a change of judge shall be ordered *in any criminal proceeding* upon the timely filing of a written application therefor by any party. The applicant need not allege or prove any reason for such change. The application need not be verified and may be signed by any party or an attorney for any party.

(b) In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered. If the designation of the trial judge occurs more than ten days after the initial plea is entered, the application shall be filed within ten days of the designation of the trial judge or prior to commencement of any proceeding on the record, whichever is earlier.

(Emphasis added). Simply put, subdivision (a) provides *when* a change of judge shall be ordered – in any criminal proceeding upon a timely application – and subdivision (b) defines when an application for change of judge *is timely*.

With no definition of "criminal proceeding" in Rule 32.07, the dictionary definition is enlightening. "Criminal proceeding" is defined as "One instituted and conducted for the purpose ... [of] fixing the guilt of a crime already committed and punishing the offender;" "some step taken before a court against some person or persons charged with some violation of the criminal law." *Black's Law Dictionary* at 374 (6th ed. 1991).[2] When new charges are added to an existing case, a new arraignment is necessary and the defendant must enter a plea as to the new charges. *See State v. Sexton*, 929 S.W.2d 909, 918 (Mo. App. 1996) ("[A] remand to the Circuit Court does not constitute the filing of a new charge *requiring appellant to be arraigned and an 'initial' plea to be*

---

[2] Dictionary definitions from the time Rule 32.07 was written are used to ascertain the meaning of words as the drafters intended. *Asbury v. Lombardi*, 846 S.W.2d 196, 201 (Mo. banc 1993).

4

*entered to a new charge.*") (emphasis added). If a proceeding may be defined as "some step taken before a court" against a criminal defendant, Richardson's required additional arraignment and entering of pleas on the new charges would be considered a new "proceeding" within the action as a whole. It follows that the addition of the new charges, which triggers a new, distinct "proceeding" under Rule 32.07, would allow a criminal defendant an opportunity to file a timely application for a change of judge within 10 days from that new arraignment and the accompanying new initial plea.

The critical characteristic is the addition of new charges to the indictment. If the superseding indictment had not added any new charges but, instead, had simply made a mere *amendment* to the indictment, keeping the charges intact, no further arraignment would be required on the superseding indictment. *See State v. Hill*, 396 S.W.2d 563, 566 (Mo. 1965) ("[S]ince the amendment did not charge defendant with any separate or different offense ... it was not necessary to show any further arraignment."). In other words, there would be no additional necessary step – no additional necessary criminal proceeding –to continue with the criminal case, and no need for a renewed 10-day window to file an application for a change of judge.

Indeed, Missouri courts have consistently noted a distinction between a mere amendment to an indictment and the addition of new charges to a case. *See Sexton*, 929 S.W.2d at 918; *see also Hill*, 396 S.W.2d at 566; *Bass v. State*, 807 S.W.2d 523, 527 (Mo. App. 1991) ("Because the amended information *did not charge a different offense* and because the movant's defense was not prejudiced by the amendment, *there was no need for the movant to be given a new preliminary examination and a new*

5

*arraignment*.") (emphasis added). This Court's rules mirror this distinction, allowing an information to be amended "at any time before verdict or finding if (a) *no additional or different offense is charged,* and (b) a defendant's substantial rights are not thereby prejudiced." Rule 23.08 (emphasis added). In the instant case, because there was a superseding indictment filed that included new charges and thereby required a new arraignment – and, for the first time, a plea to the new charges – a new "initial plea" was required for the new charges.[3]

As stated above, the purpose of Rule 32.07 is to "assure fairness to litigants in exercising their privilege to disqualify a trial judge while, at the same time, avoiding undue delay in the proceedings." *Mountjoy*, 831 S.W.2d at 244. The principal opinion does not assure fairness to Richardson in exercising his right to disqualify a trial judge.[4] A defendant cannot truly – or fairly – make a decision to file an application for a change of judge without a full understanding of what charges lie ahead.

---

[3] This interpretation comports with existing Missouri law. Both this Court's rules and this state's statutory law mandate that, if a second indictment is filed, it shall supersede the first and the first indictment shall be quashed. "If there are two or more indictments or informations pending against the defendant for the same offense in the same county, the indictment or information last filed shall supersede all indictments or informations previously filed." Rule 23.10; *see also* section 545.110, RSMo 2016 ("If there be at any time pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed."). Accordingly, the second indictment must have some effect on the first. When it adds new charges – requiring a new arraignment and an original plea to those new charges – it creates a need for a new "initial plea."

[4] Moreover, the State's argument that this interpretation would cause undue delay and hinder judicial efficiency is not well taken. Here, the State waited almost two years to file the additional charges against Richardson, and, in turn, pushed back the original trial date of its own volition. Because this interpretation does not result in any undue delay in this case, it further advances the purposes of Rule 32.07.

6

A defendant cannot enter a plea to a crime with which he has not yet been charged. And, after all, a defendant must plead as to each charge, not just to the case in general. *See* Rule 24.01 ("Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto."); *see also Black's Law Dictionary* at 1151 ("Criminal pleas" defined as "The defendant's response to a criminal charge (guilty, not guilty, or nolo contendere)."). Richardson's plea to the first set of charges was separate and distinct from his initial plea to the later charges and should be treated as such when applying Rule 32.07.

The principal opinion, in effect, may result in prosecutors filing minor charges against a defendant, waiting for the time to file an application for change of judge to expire, and then filing a superseding indictment adding more serious offenses, leaving the defendant with no option to change judge even though the nature of the case may be very different than it was at its outset. In contrast, the State *will* have an opportunity to obtain a change of judge, as it can often dismiss nolle pros and refile a case in the hopes of having a different judge assigned to the case. This imbalance would not be eliminated by this dissent's interpretation of Rule 32.07, but would, at the very least, offer more assurance to defendants of their ability to exercise their right to change of judge.

The principal opinion perpetuates an unlevel playing field in favor of the State as the State will continue to have the right to a change of judge by nolle prossing the charges while the defendant's hands are tied when new charges are filed. Allowing a defendant to seek a change of judge after new charges are filed will level the playing

7

field, as that opportunity is already available to the State. It would promote fairness to litigants, one of the core purposes of Rule 32.07. For these reasons, I believe "initial plea" cannot be limited to the very first plea in each criminal case, regardless of subsequent events, as the "initial plea" refers to the first plea as to each count with which the defendant is charged.[5]

As such, a new 10-day window was created for filing an application for change of judge upon the filing of the superseding indictment with the new charges, which required further necessary proceedings in the form of a new arraignment. Richardson's application, filed four days after his initial plea on the new charges, was well within this requisite timeframe.

When the judge fails to grant a timely filed application for change of judge, prohibition is the proper remedy. *Raack*, 720 S.W.2d at 943. "The filing of a timely application for change of judge deprives the court of further authority to do anything in the case other than grant the application." *State ex rel. Manion v. Elliott*, 305 S.W.3d 462, 463 (Mo. banc 2010). I would make the preliminary writ permanent.

For these reasons, I respectfully dissent.

_____
Mary R. Russell, Judge

---

[5] In a case such as this one, it would be up to the prosecutor's discretion whether to dismiss the additional charges and refile them as a separate case. *See State v. Davis*, 32 S.W.3d 603, 612 (Mo. App. 2000) ("[T]he prosecutor has unfettered discretion either to prosecute or to nolle pros a case before return of a verdict.").