

# In the Missouri Court of Appeals
## Eastern District

### WRIT DIVISION TWO

| | | |
|---|---|---|
| STATE EX REL. DAEVON EVERS, | ) ) ) | No. ED108020 |
| Relator, | ) ) | Writ of Prohibition |
| v. | ) ) | Circuit Court of the City of St. Louis |
| | ) | 1922-CR01394 |
| THE HONORABLE ELIZABETH B. HOGAN, | ) ) ) | |
| Respondent. | ) | Filed: August 20, 2019 |

### Introduction

Relator, Daevon Evers (Evers), filed a petition for a writ of prohibition seeking to require that the Honorable Elizabeth B. Hogan (Respondent) grant Evers's application for change of judge. Under the circumstances here, Rule 32.07 required Respondent to grant Evers's application for change of judge. We would make the preliminary order in prohibition permanent. However, this case presents an issue of general interest and importance and we order the case transferred to the Missouri Supreme Court pursuant to Rule 83.02.

## Background

On May 7, 2019, the State filed a complaint charging Evers with assault in the first degree, unlawful use of a weapon, and two counts of armed criminal action. On May 9, 2019, police arrested Evers.

Respondent is the Division 16 Judge for the Criminal Assignment Division of the 22nd Judicial Circuit. On June 21, 2019 prior to the designation of the trial judge, Respondent entered an order for a "bond review/detention hearing." Respondent's order stated "Pursuant to the Order in Dixon et al. v. City of St. Louis et al., United States District Court, Eastern District of Missouri, cause no. 4:19-cv-0112-AGF, this cause is set for bond review hearing on **Tuesday, June 25, 2019 at 1:30 p.m.** in Division 16." Before the hearing on June 25, 2019, "and prior to going on the record," Evers filed a written application for a change of judge. Respondent denied the application. After the hearing, Respondent found Evers to be a danger to the community and ordered that Evers be held without bond pending trial.[1]

On July 8, 2019, Evers filed a petition for writ of prohibition with this Court seeking the grant of Evers's application for change of judge, to transfer the cause to the presiding judge of the Circuit Court of the City of St. Louis for reassignment, and to set aside Respondent's order denying Evers bond and the finding of Evers's dangerousness. This Court requested and Respondent filed suggestions in opposition. We issued a preliminary order in prohibition and directed Respondent to file an answer to Relator's petition.

---

[1] In an indictment filed June 28, 2019, a City of St. Louis grand jury charged Evers with the same charges as the May 7, 2019 complaint.

Respondent answered. We dispense with further briefing in accordance with Rule 84.24(i) and would make the preliminary order permanent.

## Discussion

A writ of prohibition is appropriate in one of three circumstances: (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction, or abuse of discretion when the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order. State ex rel. Richardson v. May, 565 S.W.3d 191, 193 (Mo. banc 2019). "A timely application for change of judge deprives the court of authority to do anything other than grant the application." Id.

Evers argued that he is entitled to a change of judge under Rule 32.07. We agree. Rule 32.07 states in part:

(a) Except as provided in Rule 32.06, a change of judge shall be ordered in any criminal proceeding upon the timely filing of a written application therefor by any party. The applicant need not allege or prove any reason for such change. The application need not be verified and may be signed by any party or attorney for any party.

(b) In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered. If the designation of the trial judge occurs more than ten days after the initial plea is entered, the application shall be filed within ten days of the designation of the trial judge or prior to commencement of any proceeding on the record, whichever is earlier.

Missouri courts liberally construe statutes and rules that provide for disqualification in favor of the right to disqualify. State v. Ford, 351 S.W.3d 236, 237 (Mo. App. E.D. 2011) (citations omitted). A litigant's right to disqualify is described as "virtually unfettered." Id.

3

Rule 32.07(b) provides the latest time an application for change of judge may be filed. Here, Evers timely filed his application for change of judge.[2]

We recognize the time constraints the U.S. District Court's order presented for the Circuit Court of the City of St. Louis. Further, we note that federal litigants do not have a similar unfettered right to a change of judge as the State of Missouri affords its litigants. But the Circuit Court must still grant a timely filed application for change of judge even when the Circuit Court is under immense time pressures created externally.

<u>Conclusion</u>

We would make the preliminary order in prohibition permanent.[3] However, this case presents an issue of general interest and importance and we order the case transferred to the Missouri Supreme Court pursuant to Rule 83.02.

_____
Gary M. Gaertner, Jr., Presiding Judge

Robin Ransom, J., concurs.
Sherri B. Sullivan, J., concurs.

_____

[2] There is an issue whether an automatic change of judge under Rule 32.07 only applies to the designated trial judge and not to a judge who is assigned for the sole purpose of conducting a bond hearing. The first sentence of Rule 32.07(b) states, "In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered." Nothing in the first sentence of Rule 32.07(b) limits a criminal defendant's right to file a change of judge to only their designated trial judge, but is solely a time limit for when a defendant must file their change of judge motion. The second sentence of Rule 32.07(b) is a time limit for the latest a defendant must file a change of judge motion after designation of their trial judge. Also, criminal defendants are afforded only one motion for an automatic change of judge without cause under Rule 32.07; an indicted defendant cannot also take a change of judge from their designated trial judge after having taken a change of judge from their bond hearing judge. Rule 32.09(a).

[3] This opinion addresses the issue of change of judge and not the propriety of denying Evers bond or finding of Evers's dangerousness.

4