SUPREME COURT OF MISSOURI
 en banc
STATE ex rel. COUNTRY MUTUAL ) Opinion issued April 6, 2021
INSURANCE COMPANY, )
 )
 Relator, )
v. ) No. SC98650
 )
THE HONORABLE BRIAN H. MAY, )
 )
 Respondent. )

 ORIGINAL PROCEEDING IN PROHIBITION

 COUNTRY Mutual Insurance Co. petitions this Court for a writ to prohibit the

Honorable Brian H. May (Respondent) from taking any action in the case other than

granting its timely filed application for a change of judge. Rule 51.05 provides intervenors

with the right to a change of judge, and, after COUNTRY Mutual was granted leave to

intervene, it filed a timely application for a change of judge. Upon COUNTRY Mutual’s

filing of its application for change of judge, Respondent had no authority to take any action

in the case other than to grant the application. Therefore, Respondent is directed to vacate

his orders entered after COUNTRY Mutual filed its application for change of judge and to

sustain the application for change of judge. The preliminary writ in prohibition is made

permanent.
 Factual and Procedural Background

 COUNTRY Mutual issued a homeowner’s insurance policy to Silver Franklin.

While the policy was in effect, Mr. Franklin worked for Action ATM, Inc., servicing ATMs

in the St. Louis area. In August 2015, Mr. Franklin visited a St. Louis QuikTrip to service

the ATM located there. At the QuikTrip, Mr. Franklin became engaged in an altercation

with another man, Donte Woodson, and negligently discharged his firearm, fatally

wounding Mr. Woodson.

 Mr. Woodson’s parents, Ithiwa Woodson and Robert Beene, filed a wrongful death

suit against Mr. Franklin, 1 and the parties subsequently entered into a contract to limit

recovery under section 537.065. 2 Pursuant to the terms of the section 537.065 agreement,

Mr. Franklin consented to judgment in the parents’ favor, and, in exchange, the parents

agreed to limit their recovery on that judgment to the proceeds of his COUNTRY Mutual

policy and his employer’s commercial policy. The parents notified COUNTRY Mutual of

the section 537.065 agreement within 30 days of entering into the contract. Upon receiving

notice, COUNTRY Mutual filed a motion to intervene and stay the proceedings while its

contractual obligation to provide coverage was determined in a declaratory judgment action

pending in federal court.

 On December 17, 2019, Judge David Lee Vincent III sustained COUNTRY

Mutual’s motion to intervene but overruled its motion to stay the proceedings. Judge

Vincent then entered an order of recusal on December 20, and the case was reassigned to

1
 Woodson v. Franklin, No. 15SL-CC03780 (21st Jud. Cir. 2015).
2
 All statutory references are to RSMo Supp. 2017, unless otherwise noted.

 2
Respondent on December 23. On January 16, 2020, COUNTRY Mutual filed an

application for change of judge under subdivisions (a) and (b) of Rule 51.05.

 Although Respondent noted COUNTRY Mutual had timely filed its application for

change of judge pursuant to Rule 51.05, he entered an order denying the application. The

order indicated Respondent interpreted section 537.065.2 to give insurers the right to

intervene but the statute did not abrogate prior case law that prohibited insurers from

participating in litigation after refusing to defend without reservation. After Respondent

denied COUNTRY Mutual a change of judge, COUNTRY Mutual attempted to conduct

discovery by noticing up the video deposition of Mr. Franklin. Mr. Franklin filed a motion

to quash the deposition, and, at the motion hearing, Respondent stated the reasoning behind

his denial of COUNTRY Mutual’s application for a change of judge applied equally to its

attempt to conduct discovery. Respondent ruled COUNTRY Mutual was not entitled to

participate in the litigation beyond intervening pursuant to section 537.065.2.

Consequently, Respondent entered an order quashing COUNTRY Mutual’s notice of the

video deposition.

 COUNTRY Mutual filed a petition for a writ of prohibition in the court of appeals,

which was denied. It then filed a petition for a writ of prohibition in this Court, seeking

(1) to prevent Respondent from taking any action in the case other than granting its

application for change of judge and (2) to “allow [COUNTRY Mutual’s] substantive

participation in discovery and any hearing or trial in this matter.” This Court issued a

preliminary writ of prohibition.

 3
 Analysis

 This Court has authority to issue and determine original remedial writs. Mo. Const.

art. V, sec. 4.1. A writ of prohibition may issue “to remedy an excess of authority,

jurisdiction, or abuse of discretion where the lower court lacks the power to act as

intended.” State ex rel. Manion v. Elliott, 305 S.W.3d 462, 463 (Mo. banc 2010). “The

filing of a timely application for change of judge deprives the court of further authority to

do anything in the case other than grant the application.” Id.

 COUNTRY Mutual claims Respondent exceeded his jurisdiction in denying its

timely filed application for change of judge and continued to act in excess of his authority

and jurisdiction 3 in quashing its efforts to conduct discovery and otherwise participate in

the litigation. It contends that, once it timely filed its application for change of judge,

Respondent lost authority to take any action in the case other than to grant the application.

Consequently, COUNTRY Mutual requests a writ of prohibition from this Court

preventing Respondent from taking any action other than granting a change of judge.

 Ithiwa Woodson, 4 on behalf of Respondent, contends COUNTRY Mutual does not

qualify as a “typical intervenor” because it would not defend Mr. Franklin without

reservation. Ms. Woodson asserts section 537.065.2 conferred on COUNTRY Mutual the

3
 COUNTRY Mutual contends the circuit court acted in excess of its “jurisdiction” and, at
times, “authority.” Whether a circuit court has the power to act as intended within the
exercise of its personal and subject matter jurisdiction is an issue of circuit court authority.
J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 254 (Mo. banc 2009). Discussion of
circuit court jurisdiction should be confined “to constitutionally recognized doctrines of
personal and subject matter jurisdiction.” Id. Therefore, “authority” will be used in this
opinion rather than “jurisdiction.”
4
 Plaintiff Robert Beene has not participated in this writ proceeding.

 4
right to intervene but did not provide a right to participate further in the litigation because

case law predating section 537.065.2 prohibits an insurer from both refusing to defend

without reservation and interfering in the litigation.

 Respondent overruled COUNTRY Mutual’s application for a change of judge

because he found COUNTRY Mutual waived any right to interfere in the litigation when

it refused to defend Mr. Franklin without reservation. COUNTRY Mutual claims that,

after its intervention under section 537.065.2, it has the right under this Court’s rules to a

change of judge regardless of whether it refused to defend without reservation.

 Section 537.065.2 authorizes COUNTRY Mutual to intervene as a matter of right.

Once the circuit court sustained its motion to intervene, COUNTRY Mutual’s right to a

change of judge and the procedure to obtain a change of judge was governed by Rule

51.05(d). Rule 51.05(d) expressly provides, “Application for change of judge may be made

by one or more parties in any of the following classes: . . . (5) intervenors.” Rule 51.05(b)

further establishes when an intervenor must file an application for change of judge:

 In the case of intervenors, the application must be filed within 30 days of
 intervention or designation of the trial judge, whichever is later, but in no
 event may any intervening party obtain a change of judge pursuant to this
 Rule 51 unless the application is filed within 180 days of the designation of
 the trial judge.

The principles used to interpret this Court’s rules are the same as those used to interpret

statutes. State ex rel. Richardson v. May, 565 S.W.3d 191, 193 (Mo. banc 2019).

Undefined terms within a rule are given their plain and ordinary meaning. Id. There is

nothing in the text of Rule 51.05 that would indicate the term “intervenor” means anything

other than its plain and ordinary meaning: one that intervenes. Intervenor, WEBSTER’S

 5
THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED 1183 (3d ed. 2002). COUNTRY

Mutual is an intervenor and, as such, falls squarely within Rule 51.05(d)’s provisions.

 In denying COUNTRY Mutual’s application for a change of judge, Respondent

relied on Borgard v. Integrated National Life Insurance Co., 954 S.W.2d 532, 535 (Mo.

App. 1997), for authority that an insurer that declines to accept a defense without

reservation forfeits the right to participate in the litigation. Respondent found Borgard’s

holding was “confirmed” in Aguilar v. GEICO Casualty Co., 588 S.W.3d 195, 201 (Mo.

App. 2019). Borgard and Aguilar addressed whether an insurer had a right to intervene,

not whether an insurer had a right to a change of judge after intervening. Borgard, 954

S.W.2d at 534; Aguilar, 588 S.W.3d at 202. Borgard was decided prior to section

537.065.2’s amendment to permit an insurer to intervene “as a matter of right” in any

pending lawsuit involving its insured’s claim of damages against a tortfeasor with whom

the insured has entered into a contract authorized by section 537.065.1. See section

537.065.2. Aguilar addressed whether an insurer had a right to intervene when the insurer’s

application to intervene was not filed within 30 days after receipt of notice of the execution

of a section 537.065.1 agreement. 588 S.W.3d at 199. In the underlying action, there was

no dispute whether COUNTRY Mutual had a right to intervene; the circuit court sustained

COUNTRY Mutual’s motion to intervene pursuant to section 537.065.2 and that ruling has

not been contested. On appeal, Respondent also cites Knight ex rel. Knight v. Knight, 609

S.W.3d 813, 820 (Mo. App. 2020), which rejected an insurer’s claim that, after intervention

as a matter of right pursuant to section 537.065.2, it was entitled to a jury trial at which it

could dispute its insured’s liability. Knight did not opine about the right to a change of

 6
judge expressly afforded to intervenors under Rule 51.05(d). Borgard, Aguilar and Knight,

therefore, do not apply to the present matter.

 Once the circuit court sustained its motion to intervene, COUNTRY Mutual was

entitled to a change of judge, and the record in the underlying case shows its application

was timely filed. “The filing of a timely application for change of judge deprives the court

of further authority to do anything in the case other than grant the application.” Manion,

305 S.W.3d at 463. Therefore, Respondent had no authority to take any action in this case

other than to grant the application and, consequently, no authority to enter orders about

matters submitted after COUNTRY Mutual timely filed its application for change of judge,

including Mr. Franklin’s motion to quash COUNTRY Mutual’s notice of a video

deposition. Id.; see State ex rel. Raack v. Kohn, 720 S.W.2d 941, 944 (Mo. banc 1986)

(“Upon the filing of relator’s objection seeking disqualification, respondent was without

jurisdiction to hear and rule on any motions which did not precede that filing.”). Because

Respondent had no authority to take any action other than to grant the application for

change of judge, the Court directs Respondent to vacate the order overruling COUNTRY

Mutual’s application for change of judge and the order quashing the notice of deposition

and to sustain COUNTRY Mutual’s application for change of judge. Raack, 720 S.W.2d

at 944.

 The parties invite the court to further decide whether to order Respondent to “allow

[COUNTRY Mutual’s] substantive participation in discovery and any hearing or trial in

this matter.” Aside from the fact such an order would conflict with this Court’s finding

that Respondent has no authority to act, whether COUNTRY Mutual may further

 7
participate in the litigation will be a matter before the transferee judge, who is not a party

to this proceeding. See id. The transferee judge will have the responsibility to rule on the

motions in which Respondent previously ruled in excess of the judge’s authority. Id. To

do as the parties ask would be to mandate the transferee judge’s ruling on issues he or she

has not yet considered. In a writ proceeding, “[t]his Court’s duty is only to confine the trial

court to its authority and direct it to exercise that authority, not to give an advisory opinion

as to what orders it should issue[.]” State ex rel. White Fam. P’ship v. Roldan, 271 S.W.3d

569, 575 n.6 (Mo. banc 2008).

 Conclusion

 Respondent is directed to vacate his orders of February 19, 2020, overruling

COUNTRY Mutual’s application for change of judge and April 9, 2020, sustaining

Mr. Franklin’s motion to quash COUNTRY Mutual’s notice of deposition. He is further

directed to sustain COUNTRY Mutual’s application for change of judge. The preliminary

writ in prohibition is made permanent.

 ___________________________________
 PATRICIA BRECKENRIDGE, JUDGE

Draper, C.J., Wilson, Russell, Powell and
Fischer, JJ. concur; Wilson, J. concurs in
separate opinion filed.

 8
 SUPREME COURT OF MISSOURI
 en banc
STATE ex rel. COUNTRY MUTUAL )
INSURANCE COMPANY, )
 )
 Relator, )
v. ) No. SC98650
 )
THE HONORABLE BRIAN H. MAY, )
 )
 Respondent. )

 CONCURRING OPINION

 COUNTRY Mutual moved to intervene and stay the underlying action.

Respondent granted the motion to intervene and denied the stay. I believe it was error to

grant COUNTRY’s Mutual’s motion to intervene as the motion plainly was defective

under Rule 52.12. But neither Plaintiffs nor Defendant sought a writ challenging

Respondent’s decision to grant intervention, and Plaintiff Woodson does not argue on

behalf of Respondent in this action that Respondent properly denied COUNTRY

Mutual’s change of judge application because COUNTRY Mutual’s motion to intervene

was defective. In fact, she appears to concede Respondent properly sustained

COUNTRY Mutual’s motion to intervene. Accordingly, I am compelled to concur in the

principal opinion.
 Missouri rules of procedure do not allow for kibitzers in lawsuits. Lawsuits are

comprised of parties who are asserting or defending claims, and intervenors – even those

who have (or claim) a statutory right to intervene – are no exception to this principle.

Rule 52.12 makes this clear.

 (c) Procedure. A person desiring to intervene shall serve a motion upon all
 parties affected thereby. The motion shall state the grounds therefor, and
 shall be accompanied by a pleading setting forth the claim or defense for
 which intervention is sought. The same procedure shall be followed when a
 statute of this state gives a right to intervene.

Rule 52.12(c).

 COUNTRY Mutual’s motion to intervene asserted a statutory right to intervene

under section 537.065.2 1, but its motion was not “accompanied by a pleading setting

forth the claim or defense for which intervention is sought.” This defect was – or should

have been – fatal to its motion to intervene.

 The requirement that a would-be intervenor identify in a pleading the claim it

wishes to assert or defend is not an inconsequential matter of form. Instead, that pleading

defines the role the intervenor will play and the procedural rights it will have. The claim

the intervenor asserts or defends determines whether and to what extent it is permitted to

conduct discovery or adduce evidence at trial, among other things, and it determines what

substantive rights and liabilities of the intervenor will or even can be determined in any

judgment on the merits. Nothing in section 537.062.2 purports to exempt insurers from

this requirement, and Rule 52.12(c) ends with a plainly worded admonition that the

1
 All statutory citations are to RSMo Supp. 2017.

 2
procedural requirements of the rule, including the requirement that the would-be

intervenor’s motion be accompanied by a pleading setting forth the claim or defense for

which intervention is sought, applies even when the movant has a statutory right to

intervene.

 Much of the arguments made on behalf of Respondent in this action focus on the

substantive or procedural rights Plaintiff Woodson contends COUNTRY Mutual has and

does not have. As the principal opinion explains, and I agree, COUNTRY Mutual – like

any other intervenor – has a right to a change of judge under Rule 51.05. And, properly,

the principal opinion goes no further. But, when the underlying lawsuit resumes and

questions arise concerning what COUNTRY Mutual is and is not permitted to do and

which (if any) of COUNTRY Mutual’s substantive rights and liabilities are or are not to

be decided, these questions can be answered only in light of whatever pleading

COUNTRY Mutual may file on remand setting forth the claim or defense it is asserting.

It is not clear what claim COUNTRY Mutual could assert against Plaintiffs or Defendant

in the underlying lawsuit, or how or why COUNTRY Mutual is a proper defendant to the

only claim already pending in that lawsuit (i.e., wrongful death), but these questions must

first be resolved below. In the absence of such a pleading, however, COUNTRY Mutual

fails to identify the claim or defense it will pursue in the lawsuit and should not have

been allowed to intervene under the plain language of Rule 52.12(c).

 _____________________________
 Paul C. Wilson, Judge

 3